original

1. Robert Mitchell P-87230
2. High Desert State Prison
3. P.O. Box 3030, C-4-101
4. Susanville, CA 96127
5. Plaintiff, In Pro Per.
6. _____
7.

FILED

OCT 05 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

8. THE UNITED STATES DISTRICT COURT
9. THE EASTERN DISTRICT OF CALIFORNIA
10. 
11. Robert Mitchell,
12.       Plaintiff,
13. VS.
14.
15. R. Wong Assistant Warden
16. D. Jackson Litigation Coordinator,.
17. D. Vanderville Correctional Captain CCII,.
18. E. Foulk Correctional Captain,.
19. R. Peery Correctional Lieutenant,.
20. D. Van Leer Correctional Lieutenant,.
21. N. Grannis Chief Inmate Appeals Branch,.
22. F. Floto Appeals Examiner,.
23. D. Mc Guire Correctional Counselor CCI,.
24. J. Owens Correctional Counselor CCI,.
25. R. Beaman SVI,.
26. P. Moench Ph.D,.
27. S. Apple Correctional Officer,
28. J. Crandall Correctional Officer,

2:07 - CV - 2090 LEW CMK PC

Case No:

Complaint For Violation of
Civil Rights 42 USC § 1983
And Demand For Jury Trial

1

1. F. Shelton Correctional Officer;
2. J. Flaherty Senior Librarian;
3. F. Frohrib Vice Principal;
4. D. Simpson Library Technical Assistant (LTA).
5. And Doe Defendants 1 through 10, are all sued in
6. their individual capacity.

7.                                        Defendants.
8.
9.
10.
11.
12.
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.

2

## Jurisdiction And Venue

1. This action arises under the United State Constitution and the Civil Rights Act, pursuant to U.S.C.S 1983, and the First And Fourteenth Amendment to the United States Constitution. Jurisdiction of this Court is invoked under 28 U.S.C.S 1343 (a)(3) and 1391, and the aforementioned statutory And Constitutional provisions. Plaintiff Further invokes Supplemental Jurisdiction pursuant to 28 U.S.C.S 1367, to hear And decide state law claims.

11. Venue is founded in this Judicial District upon 28 U.S.C.§ 1391

## General Allegations

2. At all times mentioned, plaintiff resided at High Desert State Prison, Susanville, California

## Parties

3. Defendant R. Wong Assistant Warden Complex II, is employed by the California Department of Corrections, and is the Chief executive officer At High Desert State Prison on Complex II, And is responsible For the custody, treatment and discipline of all inmates under his charge. The Assistant Warden is also the supervising officer of every other defendant on Complex II, And is responsible for ensuring that all subordinate staff are in full compliance with all applicable rules, regulations, laws And prison guidelines. The Assistant Warden is also required to obey All applicable rules, laws, regulations and prison guidelines.

3

1. He is sued in his individual capacity.

2. 4. <u>Defendant D. Jackson</u> Litigation Coordinator, is employed

3. by the California Department of Corrections at High Desert

4. State Prison, and is responsible for the custody, treatment

5. and discipline of all inmates under his charge. The

6. Litigation Coordinator is also responsible for establishing

7. a system to coordinate, control and process all legal

8. documents, monitor due dates on all legal matters

9. in order to ensure facility and staff compliance with

10. these dates, provide necessary documentation for CLS

11. and disseminate documents to staff, inmates or

12. inmate attorneys when directed. The Litigation

13. Coordinator is also the supervising officer of every

14. other defendant at High Desert State Prison, and is

15. responsible for ensuring that all subordinate staff

16. are in full compliance with all applicable rules,

17. regulations, laws and prison guidelines. The Litigation

18. Coordinator is also required to obey all applicable

19. rules, regulations, laws and prison guidelines. He is

20. sued in his individual capacity.

21. 5. <u>Defendant D. Vanderville</u> Correctional Captain CCII, is

22. the Chief Custodial Officer of High Desert State Prison,

23. and is responsible for the custody, treatment and

24. discipline of all inmates under his charge. The Facility

25. Captain CCII, is also the supervising officer of every

26. other defendant and is responsible for ensuring that

27. all subordinate staff are in full compliance with all

28. applicable rules, regulations, laws and prison guidelines.

4

1. The Facility Captain CCII, is also required to obey all
2. applicable rules, regulations, laws and prison guidelines.
3. He is sued in his individual capacity.
4. **6.** <u>Defendant F. Foulk</u> Correctional Captain, is Chief
5. Custodial Officer of High Desert State Prison, and is
6. responsible for the custody, treatment and discipline
7. of all inmates under his charge. The Facility Captain
8. is also the supervising officer of every other defendant
9. and is responsible for ensuring that all subordinate
10. staff are in full compliance with all applicable rules,
11. regulations, laws and prison guidelines. The Facility
12. Captain is also required to obey all applicable
13. rules, regulations, laws and prison guidelines. He
14. is sued in his individual capacity.
15. **7.** <u>Defendant R. Peery</u> Correctional Lieutenant, is a
16. Supervising Custodial Officer of High Desert State
17. Prison, and is responsible for the custody, treatment
18. and discipline of all inmates under his charge. The
19. Facility Lieutenant is also the supervising officer of
20. every other defendant and is responsible for ensuring
21. that all subordinate staff are in full compliance with
22. all applicable rules, regulations, laws and prison guide
23. lines. The Facility Lieutenant is also required to obey
24. all applicable rules, regulations, laws and prison
25. guidelines. He is sued in his individual capacity.
x **8.** <u>Defendant D. Van Leer</u> Correctional Lieutenant, is a
27. Supervising Custodial Officer of High Desert State Prison,
28. and is responsible for the custody, treatment and

5

1. discipline of all inmates under his charge. The Facility
2. Lieutenant is also the supervising officer of every other
3. defendant and is responsible for ensuring that all
4. subordinate staff are in full compliance with all
5. applicable rules, regulations, laws and prison guidelines.
6. The Facility Lieutenant is also required to obey all
7. applicable rules, regulations, laws and prison guidelines.
8. He is sued in his individual capacity.
9. 9. Defendant N. Grannis, Chief Inmates Appeal Branch
10. is employed by the California Department of Corrections
11. and is the Chief executive inmate appeals officer,
12. and is responsible for reviewing inmate complaints
13. at Director's level, meeting with CDC Administrators
14. to review policy and procedure needs as revealed
15. by inmate appeals, conducting audits of facility units
16. and providing inmates with the ability to exhaust all
17. administrative remedies before requesting review by
18. the Courts. The Chief inmate appeals officer is also
19. responsible for ensuring that all subordinate inmate
20. appeals examiners are in full compliance with all
21. applicable rules, regulations, laws and prison guidelines.
22. The Chief inmate appeals officer is also required to
23. obey all applicable rules, regulations, laws and
24. prison guidelines. He is sued in his individual
25. capacity.
26. 10. Defendant F. Floto Inmate Appeals Examiner, is
27. employed by the California Department of Corrections at
28. the Chief Inmate Appeals Branch, and is responsible

6

1. For processing inmate complaints at Director's level,
2. monitor the system, prepare the quarterly Appeals report,
3. recommend corrective action where indicated, work
4. with the Chief Inmate Appeals Officer to see that
5. all appeals procedures are carried out. The Inmate
6. Appeals Examiner is also required to obey all applicable
7. rules, regulations, laws and prison guidelines. He is
8. sued in his individual capacity.
9. 11. Defendants D. Vanderville CCII, D. McGuire CCI,
10. J. Owens CCI, R. Beaman SVI, P. Moench Ph.D Unit
11. Classification Committee (UCC). Are custodial officers
12. At High Desert State Prison and is responsible for the
13. custody, treatment and discipline of all inmates
14. under their charge. The Unit Classification Committee
15. shall review each inmate's case at least annually
16. to consider the accuracy of the inmate's classification
17. score, custody designation, program and institution
18. placement which includes recommendation for transfer
19. and to act on disciplinary credit loss on cases for
20. Divisions C, D, E and F, which will serve as the
21. First level of appeal review. The Unit Classification
22. Committee is responsible for ensuring that all
23. subordinate staff are in full compliance with all
24. applicable rules, regulations, laws and prison guidelines.
25. The Unit Classification Committee is also required to
26. take corrective action on inmate disciplinary rules
27. violation reports where indicated. Also required
28. to obey all applicable rules, regulations, laws and

1. Prison guidelines. They are each sued in their individual
2. capacity.
3. 12. Defendants S. Apple, J. Crandall, F. Shelton Correctional
4. Officers, are custodial officers at High Desert State
5. Prison and is responsible for the custody, treatment
6. and discipline of all inmates under their charge. The
7. Correctional Officer is responsible for ensuring that
8. all subordinate staff are in full compliance with
9. all applicable rules, regulations, laws and prison guidelines.
10. The Correctional officer is also required to obey all
11. applicable rules, regulations, laws and prison guidelines.
12. They are each sued in their individual capacity.
13. 13. Defendant J. Flaherty Senior Librarian, is employed
14. by the California Department of Correction and is the
15. Senior Librarian at High Desert State Prison, and is
16. responsible to implement the facility library program
17. and shall report to the Supervisor of Academic
18. Education or the Supervisor of Correctional education
19. programs. The Senior Librarian is the supervising officer
20. of Library Technical Assistant (LTA) D. Simpson and
21. is responsible for ensuring that all subordinate staff
22. are in full compliance with all applicable rules, laws,
23. regulations and prison guidelines. The Senior Librarian
24. is also required to obey all applicable rules, laws,
25. regulations and prison guidelines. He is sued in his
26. individual capacity.
27. 14. Defendant F. Frohrib Vice Principal Librarian, is employed
28. by the California Department of Corrections and is the

8

1. Vice Principal Librarian At High Desert State Prison
2. And is responsible to implement and coordinate a
3. departmental library programs. The Vice Principal
4. Librarian's duties shall include scheduled on-site
5. visits to Facility librarians to Ascertain that all
6. departmental libraries Are opening within established
7. departmental policy and procedure. The Vice Principal
8. Librarian is the supervising officer of the senior
9. Librarian And Library Technical Assistant (LTA) And
10. is responsible for reviewing inmate complaints, taking
11. Corrective Action when indicated And for ensuring
12. that All subordinate staff Are in full compliance with
13. All Applicable rules, regulations, laws and prison guidelines.
14. The Vice Principal Librarian is Also required to obey
15. All Applicable rules, regulations, laws and prison guidelines.
16. He is sued in his individual Capacity.
17. 15. Defendant D. Simpson Library Technical Assistant (LTA)
18. is employed by the California Department of Corrections
19. And works At High Desert State Prison, And is responsible
20. For the day to day operation of the satellite library
21. And supervision of inmate library clerks. The Library
22. Technical Assistant (LTA), is responsible For providing
23. Library / Law Library services to the inmate population
24. At High Desert State Prison, Also responsible For providing
25. inmates Access to legal materials And to provide
26. reasonable Assistance For legal Copying services to
27. inmates. The Library Technical Assistant (LTA) is Also
28. required to obey All Applicable rules, regulations, laws and

9

prison guidelines. She is sued in her individual capacity.

16. Defendant <u>Does</u> 1 through 10, are correctional personnel employed by the California Department of Corrections and is responsible for the custody, treatment and discipline of all inmates under their charge. Defendant Does, is also required to obey all applicable rules, regulations, laws, and prison guidelines. They are all sued in their individual capacity.

17. At all material times relevant in this complaint, the defendants, including Does 1 through 10, were acting and continues to act under the color of state law.

18. By reason of the Defendant's conduct, the plaintiff was deprived of rights, privileges and immunities secured to him by the First and Fourteenth Amendment of the United States Constitution and laws enacted thereunder.

<u>Exhaustion of Administrative Remedies</u>

19. All facts were presented in plaintiff's complaint for review through the Prison's Grievance Procedure. Each of the following 602-Appeals received a Director's Level Decision.:

(A) 602-Appeal Log No. HDSP-07-001034,

(B) 602-Appeal Log No. HDSP-07-00788

(C) 602-Appeal Log No. HDSP-07-0972

(D) 602-Appeal Log No. HDSP-07-1289

(E) 602-Appeal Log No. HDSP-07-42325

This completed the Exhaustion of Administrative Remedies Requirements.

1. **20.** Plaintiff, Robert Mitchell, is currently incarcerated at
2. High Desert State Prison, alleging that defendants conspired
3. and violated his First and Fourteenth Amendment rights
4. and laws enacted thereunder.

5. ## Factual Allegations

6. **21.** On August 31, 2006, plaintiff was escorted to High Desert
7. State Prison's Attorney Conference Room to provide
8. Deposition Testimony for 42 U.S.C. § 1983 Civil Rights Case
9. Carlos Rosado v. Edward Alameida, Jr. et. al No. 03 CV-1110 NAJ
10. (PoA), in which Plaintiff Robert Mitchell, is a Third Party
11. "material witness."

12. **22.** After being deposed, Deputy Attorney General Karen Walter,
13. and Attorney Aaron Arnzen Esq. of the Law Offices of
14. Cooley Godward, LLP, informed plaintiff that, Certified
15. Court reporter Dianne M. Brumley, NV CCR #205, Calif. CSR
16. #6796, of Bonanza Reporting, located at 1111 Forest, Reno
17. Nevada, would be sending plaintiff his "Deposition Transcript"
18. via, First Class Confidential Legal Mail, to make any necessary
19. Corrections, to attach additional documents and to forward
20. to Attorney Aaron Arnzen Esq. of the Law Offices of Cooley
21. Godward, LLP, located at 4401, Eastgate Mall, San Diego,
22. Calif. 92121

23. **23.** On or about September 10, 2006, Certified Court Reporter
24. Dianne M. Brumley of Bonanza Reporting, sent plaintiff
25. his Deposition Transcript, via First Class Confidential
26. Legal Mail.

27.

28.

1. **24.** After Plaintiff's Confidential Legal Mail "Deposition Transcript"
2. arrived at High Desert State Prison, it was immediately
3. opened outside plaintiff's presence and sent to Defendant
4. D. Jackson Litigation Coordinator, who read it in it's
5. entirety and refused to issue it to the plaintiff.
6. **25.** Instead, on September 15, 2006, Defendant D. Jackson
7. sent Plaintiff's Confidential Legal Mail "Deposition Transcript"
8. over to Facility C Yard Inmate Law/Library For
9. Correctional Officers, employees and inmates to read.
10. **26.** On October 7, 2006, Approximately 30 days after
11. Plaintiff's Confidential Legal Mail "Deposition Transcript"
12. arrived at High Desert State Prison, plaintiff was
13. called over to Facility C Yard, Inmate Law/Library.
14. **27.** Immediately, upon entering the Inmate Law/Library
15. plaintiff witnessed and overheard Defendants D. Simpson
16. Librarian Technical Assistant (LTA) and D. Vanderville
17. Correctional Captain CCII, reading and discussing
18. Plaintiff's Deposition Testimony.
19. **28.** Plaintiff told both Defendants D. Simpson and
20. D. Vanderville that they had no right to possess,
21. read or discuss Plaintiff's Deposition Transcript.
22. **29.** Plaintiff further explained to both Defendants
23. D. Simpson and D. Vanderville that, they were reading
24. his Confidential Legal Mail "Deposition Transcript" and
25. demanded it's return.
26.
27.
28.

30. Defendant D. Simpson replied, "Listen, your legal documents were sent to me by Litigation Coordinator Jackson. I was told to read it, share the information with Facility staff. And I was also told, not to give you your Deposition Transcript, And that's exactly what I'm going to do.

31. Plaintiff was then told by both defendants that, "You wrote and helped an inmate named Carlos Rosado File a Multi-Million Dollar Lawsuit against the Department of Corrections, this is something that, were not going to put up with or tollerate at High Desert."

32. Plaintiff was also told by these defendants that IF you attempt to File any lawsuits, we'll see to it that, you receive a 115."

33. Plaintiff told both defendants that, they were Violating his constitutional rights And that he would be Filing a Complaint.

34. Defendant D. Simpson replied, "We don't care about your rights. Your not getting your Deposition Transcript now, get out."

35. Plaintiff was then escorted out of the Inmate Law Library without his Confidential Legal Mail Deposition Transcript" And returned to his housing unit.

36. On November 7, 2006, Plaintiff received an Order From the United States District Court - Eastern District, dated November 1, 2006, CASE: Robert Mitchell V. D. G. Adams, et. al. No.: CIV-5-06-2321-GEB-GGH.

1. **37.** In this order, the Court ordered plaintiff to make Thirty (30)
2. Copies of his endorsed Complaint And submit it to the Court
3. for service, pursuant to F.R.C.P. Rule 4.
4. **38.** On November 15, 2006, Plaintiff Attended the Inmate
5. Law/Library. While at the Law Library, plaintiff told
6. Defendant D. Simpson that he needed Thirty (30) Copies
7. of his endorsed Complaint And presented Defendant
8. D. Simpson with the Court Orders verifying this.
9. **39.** Defendant D. Simpson replied, "I am not making Thirty
10. (30) Copies of your lawsuit."
11. **40.** Plaintiff told Defendant D. Simpson that, if she
12. refuses to comply with his Court order that, he would
13. file a complaint on her.
14. **41.** Defendant D. Simpson Called Defendant D. Jackson
15. Litigation Coordinator And Advised him of the situation.
16. **42.** After Defendant D. Simpson completed the call,
17. She returned to plaintiff And said, "I am going to
18. make your Thirty (30) Copies. I'm only doing this
19. because, I was told to do so by Litigation
20. Coordinator Jackson. But, I'm telling you that,
21. if you bring me Anymore legal documents pertaining
22. to lawsuits, I am going to write you A CDC-115.
23. Now, take your copies and get out."
24. **43.** Plaintiff exited the Inmate Law/Library And
25. returned to his housing unit.
26.
27.
28.

14

1. **44.** From November 17, 2006 through November 24, 2006,
2. Plaintiff submitted several Inmate Law Library Access
3. Request Forms to Defendant D. Simpson.
4. **45.** After not receiving a response, on November 26, 2006,
5. Plaintiff sent Defendant D. Simpson a 602-Appeal
6. regarding "Denied Law Library Access," for an Informal
7. Level Response, pursuant to CCR tit. 15, sec. § 3084.2 (b).
8. **46.** Once Defendant D. Simpson refused to give an
9. informal level response within Ten (10) working days,
10. pursuant to CCR tit. 15, sec § 3084.6 (b) (1).
11. **47.** On December 9, 2006, at 1:00 p.m. Plaintiff contacted
12. his building officer Defendant J. Crandall, an
13. informed him that from November 17, 2006 to November
14. 24, 2006, he had submitted several Inmate Law Library
15. Access Request Forms, and a 602-Appeal to
16. Defendant D. Simpson and that she was still denying
17. him Law Library Access.
18. **48.** Plaintiff then showed Defendant J. Crandall
19. Two (2) Court Orders. One, an order from the
20. United States District Court - Southern District,
21. dated November 20, 2006, <u>Case: Robert Mitchell v.</u>
22. <u>Correctional Officer L. Villa</u>, No: 03 CV-1157-WQH (PoR),
23. giving him until January 2, 2007, to file his Motion
24. For Issuance of Writ of Habeas Corpus Ad Testificandum,
25. And Two, An order from the United States District
26. Court - Southern District, dated November 30, 2006,
27. <u>Case: Carlos Rosado v. Edward Alameida, Jr., et. al,</u>
28. No: 03 CV-1110-J (PoR), in which the Plaintiff

1. Robert Mitchell, is a Third Party "Material Witness",
2. giving him until December 8, 2006, to "File Objections
3. To Defendant's Subpoena."

4. **49.** Defendant J. Crandall reviewed both of Plaintiff's Court
5. Orders and told plaintiff that, he would call Defendant
6. D. Simpson and tell her that he would escort plaintiff
7. to the Inmate Law Library.

8. **50.** Defendant D. Simpson told Defendant J. Crandall
9. not to bring Plaintiff to the Law Library, only bring
10. Plaintiff's Legal Documents

11. **51.** After Completing this call, Defendant J. Crandall
12. returned to Plaintiff's Cell and told him that,
13. "Mitchell, Ms. Simpson doesn't want you in the Law
14. Library and for you to Just send over your legal
15. documents to her."

16. **52.** Defendant J. Crandall then took Plaintiff's Legal
17. Documents over to Defendant D. Simpson At the Inmate
18. Law Library to get the legal supplies and copies needed.

19. **53.** Approximately Thirty (30) minutes later, Defendant
20. J. Crandall returned Plaintiff's legal documents and
21. said, "Ms. Simpson told me that, she read your legal
22. documents and, she told me that, she is not going
23. to make you any legal copies or give you law library
24. access because, your processing Civil lawsuits on
25. Correctional personnel. She also told me that, she is
26. going to write you a CDC-115, For Filing more lawsuits."
27.
28.

16

1. **54.** On December 23, 2006, Plaintiff received a CDC-115 Disciplinary
2. Rules Violation Report Log No. C-06-0032, for "Manipulation
3. of Staff" regarding the December 9, 2006, request for Inmate
4. Law Library Services.

5. **55.** After Plaintiff was served the CDC-115 Disciplinary
6. Rules Violation Report Log No. C-06-0032, he was assigned
7. Investigative Employee Correctional Officer R. Pribble, to
8. gather information, question staff and inmates, screen
9. witnesses and complete and submit a written, non-
10. Confidential report to the hearing officer, pursuant
11. to CCR. tit. 15 sec. 3315 (d)(1).

12. **56.** On December 27, 2006, Plaintiff was interviewed by
13. Officer R. Pribble, pursuant to CCR tit. 15, sec. 3315.
14. **57.** During this interview, Plaintiff stated, "The Law
15. Librarian Filed False charges, A Bogus 115, And when
16. this is heard, I will provide Court documentation
17. Showing that, I do/did have a deadline within 30
18. days of my attempt to obtain the legal Copies I
19. requested."

20. **58.** Plaintiff then showed Officer R. Pribble Two (2) Court
21. Orders. One, An order from the United States District
22. Court-Southern District, dated November 20, 2006, Case:
23. _Robert Mitchell v. Correctional Officer L. Villa_, No. 03 CV-1157
24. WQH (POR), giving him until January 2, 2007, to File his
25. Motion For Issuance of Writ of Habeas Corpus Ad
26. Testificandum, and Two, An order from the United
27. States District Court-Southern District, dated November 30,
28. 2006, _Case: Carlos Rosado v. Edward Alameida, Jr., et. al._

1. No: 03-CV-1110-J (POR), in which the Plaintiff Robert Mitchell,
2. is A Third Party "Material Witness," giving him until
3. December 8, 2006, to File Objections to Defendant's
4. Subpoena.

5. **59.** After examining Plaintiff's Legal Documents, Officer
6. R. Pribble stated, "Mitchell, these Disciplinary Charges
7. Are False, Because you did have A valid court deadline.
8. Listen Mitchell, don't sweat it, I'll come to your
9. hearing And testify that you did in FACT have A
10. deadline."

11. **60.** On December 29, 2006, Officer R. Pribble Attempted
12. to interview the Reporting Employee Defendant D. Simpson,
13. regarding Plaintiff's CDC-115, Disciplinary Rules Violation
14. Report Log No: C-06-0032. Defendant D. Simpson stated,
15. "I have nothing to Add" and was very Uncooperative.

16. **61.** On December 29, 2006, Officer R. Pribble interviewed
17. Correctional Officer Defendant J. Crandall, regarding
18. his knowledge of Plaintiff's CDC-115, Disciplinary
19. Rules Violation Report Log No. C-06-0032. Defendant
20. J. Crandall stated, "I was shown by Inmate Mitchell,
21. Court documents specifying A deadline date of
22. January 2, 2007, And when I contacted LTA D. Simpson,
23. I was told to bring Mitchell's paperwork to her.
24. I offered to escort Inmate Mitchell to the library
25. with his legal work to Allow better communication
26. of the situation, but was instructed to bring _only_
27. the legal documents."

28.

1. **62.** On January 11, 2007, at 10:45 a.m., Plaintiff was
2. taken over to Facility C Yard Law Library.
3. **63.** After Plaintiff arrived, Defendant D. Simpson
4. said, "Why are you complaining about the CDC-115,
5. I wrote on you? I told you back in November
6. that, if you sent me anymore legal papers pertaining
7. to lawsuits that, I was going to write you a
8. CDC-115, so stop complaining."
9. **64.** Plaintiff told Defendant D. Simpson that, the
10. disciplinary charges are false and Plaintiff showed
11. Defendant D. Simpson both court orders authorizing
12. Plaintiff to make copies of his legal documents.
13. **65.** Defendant D. Simpson replied, "I made and kept
14. copies of your legal documents for my personal
15. records. You file complaints on staff and your
16. legal documents pertain to that Rosals v. Alameida
17. case and I was told by both Assistant Warden
18. Wong and Litigation Coordinator Jackson not to
19. make you any copies and I'm not making you
20. any copies."
21. **66.** Plaintiff explained to Defendant D. Simpson that,
22. <u>case: Carlos Rosals v. Edward Alameida, Jr. et. al.</u>
23. No. 03 CV-1110-J (Pors), is an active case, in which
24. he is a Third Party "Material Witness," and showed
25. Defendant D. Simpson a court order verifying this.
26.
27.
28.

1. **67.** Plaintiff then told Defendant D. Simpson that according
2. to CCR tit. 15. Sec. 3162 (b) Legal Forms and Duplicating
3. Services State that, Legal duplicating services for an
4. inmate shall be restricted [provided such restrictions
5. will not interfere with the inmate's access to the Courts],
6. when that inmate abuses the service to such an extent
7. that other inmates are deprived of the services or it
8. results in an unnecessary expense to the state. The
9. Authority to place such restrictions shall not be delegated
10. to a staff below the level of Correctional Captain."
11. **68.** Plaintiff also told Defendant D. Simpson that, he
12. would be filing a complaint on her for violating
13. CCR tit 15, sec 3162 (b), because the Correctional Captain
14. is the only person, who can deny an inmate legal
15. duplicating services.
16. **69.** At this point, Defendant D. Simpson became upset,
17. And said, "I'm kicking you out of here and I'm going
18. to write you another CDC-115, for manipulating and
19. threating staff."
20. **70.** Plaintiff was then escorted out of the Inmate
21. Law Library and back to his housing unit.
22. **71.** On January 11, 2007, Plaintiff filed a 602-Appeal Log No.
23. C-07-00972, regarding the January 11, 2007, incident.
24. **72.** On January 18, 2007, At 10:00 a.m, Plaintiff was
25. Called into Correctional Counselor Defendant D. McGuire's
26. Office for a scheduled telephonic conference call with
27. the Honorable William Q. Hayes and Deputy Attorney
28. General Jill Vander Brought, regarding Plaintiff's case.

1. <u>Robert Mitchell V. Correctional Officer L Villa, No. 03 CV-1157-</u>
2. WQH (PoR).

3. **73.** At this telephonic conference, Plaintiff was asked by
4. Judge William Q. Hayes, if he had Filed the Writ of Habeas
5. Corpus and Testificandums prior to the January 2, 2007,
6. Court deadline.

7. **74.** Plaintiff explained that, he had not Filed the
8. documents because, he had received a CDC-115
9. Disciplinary Rules Violation Report, For attempting to
10. comply with the Court's order.

11. **75.** Judge William Q. Hayes told Deputy Attorney General
12. Jill Vander Brought, "I want you to contact the prison
13. And tell them, to stop disciplining plaintiff For
14. trying to comply with my court order."

15. **76.** After Plaintiff's telephonic conference, Deputy Attorney
16. General Jill Vander Brought, contacted the Litigation
17. Office And Defendant D. McGuire And told them
18. to stop punishing Plaintiff For maintaining A lawsuit -
19. Civil Action and to Allow Plaintiff legal copies
20. And law library services.

21. **77.** On January 18, 2007, immediately After Plaintiff's
22. telephonic Conference, Plaintiff was escorted over to
23. Defendant Lieutenant R. Peery's office, For Plaintiff's
24. CDC-115 Disciplinary Rules Violation Report Hearing
25. Log No. C-06-0032.

26.
27.
28.

1. **78.** After Arriving in Defendant R. Peery's office, Plaintiff requested
2. that his witnesses, the Reporting Employee Defendant D. Simpson,
3. Correctional officer Defendant J. Crandall, Correctional Officer
4. R. Pribble And Inmate R. Drayton K-08377, be present
5. At his CDC-115 Disciplinary Rules Violation Hearing.
6. **79.** Defendant R. Peery stated, "Denied, you don't need
7. Any witnesses because, I'm Finding you guilty."
8. **80.** Plaintiff explained that, he requested the Above
9. named witnesses be present At his CDC-115 Disciplinary
10. Hearing.
11. **81.** Defendant R. Peery replied, "I Know you requested
12. witnesses And I don't care. I am not calling Any
13. witnesses, so be quite."
14. **82.** Plaintiff tried to submit documentary evidence,
15. "Court orders," verifying that, at the time he requested
16. Law Library Services, he had less than 30 days to
17. have his legal documents Filed with the Court.
18. **83.** Defendant R. Peery said, "I don't want or need to
19. see any Court orders because, your guilty, Just like
20. All black inmates who come before me."
21. **84.** Defendant R. Peery refused to except Any of Plaintiff's
22. documentary evidence.
23. **85.** Plaintiff even told Defendant R. Peery that, he was
24. Violating his rights pursuant to CCR Tit. 15 Sec. §§ 3127,
25. 3160, 3162, 3315 (e) And 3320, And CDC-Operations
26. Manual Sections 14010·19, 14010·21·2 And 53060·10
27. **86.** Defendant R. Peery replied, "Do you always carry around
28. A Title 15, And A CDC-Operations Manual?"

22

1. **87.** Plaintiff replied, "I brought the Title 15 and
2. the CDC operations Manual, so that you can see
3. exactly what the departmental rules say and to
4. show you that I've done nothing wrong and that
5. the disciplinary charges are false."
6. **88.** Defendant R. Peery said, "your guilty, and the
7. reason I'm finding you guilty is because, Wong and
8. Vanderville told me that, your the inmate who
9. files lawsuits and helps other inmates file
10. lawsuits on correctional staff and this is
11. something that we are not going to tollerate.
12. So, I don't need to read the Title 15 or
13. operations manual."
14. **89.** Plaintiff finally said, "How can you find me
15. guilty, when you haven't spoken to any of my
16. witnesses or even looked at my documentary
17. evidence? Besides, there's no evidence to support
18. your findings."
19. **90.** Defendant R. Peery replied, "I'm finding you
20. guilty because, you like to file lawsuits on
21. correctional staff. So, I don't need to speak
22. to any witnesses or look at your documents.
23. Now, I am assessing you 30 days loss of work
24. credits for a Division 'F' offense, and 90 days
25. loss of legal minibag, law library, dayroom and
26. Telephone Privileges."
27.
28.

1. **91.** Plaintiff told Defendant R. Peery that, "I have a right to
2. send legal mail to the Federal Court."
3. **92.** Defendant R. Peery replied, "If you try to send out
4. any legal mail to the Federal Court, you're going to be
5. put in Administrative Segregation "Ad-seg". I've also
6. contacted your building officers Apple, Crandall
7. and Shelton on Third 3rd Watch, and I've instructed
8. them not to accept any of your outgoing legal mail
9. addressed to the Federal Court. I also told them
10. to notify me if you attempt to do so, now, we're
11. finished get out."
12. **93.** Plaintiff told Defendant R. Peery that, he was
13. violating his Constitutional rights and that he
14. would be filing a complaint on him.
15. **94.** Plaintiff then exited Defendant R. Peery's
16. office and returned to his housing unit.
17. **95.** From January 18, 2007 through April 11, 2007, Plaintiff
18. repeatedly tried to mail out his legal documents to
19. the United States District Court, and each time he
20. was denied by Defendants S. Apple, J. Crandall and
21. F. Shelton.
22. **96.** Plaintiff asked Defendants S. Apple, J. Crandall
23. and F. Shelton and each of them, why were they
24. refusing to accept and not allowing him to mail out
25. his legal documents to the Federal Court?
26.
27.
28.

24

97. Defendants S. Apple, J. Crandall and F. Shelton each replied,
"Lt. R. Peery told us on Third 3rd Watch, not to allow you
to mail out any legal to the Federal Courts because,
you file lawsuits on staff and you were found guilty
of CDC-115 Disciplinary Rules Violation Report Log No.
C-06-0032."

98. Plaintiff told Defendants S. Apple, J. Crandall and
F. Shelton and each of them, that they were interfering
with and violating his rights and that he was going to
file a complaint against them.

99. On March 12, 2007, April 2, 2007 and April 3, 2007,
Plaintiff submitted 602-Appeal Log No. C-07-1287, regarding
Defendant's failure to process Plaintiff's outgoing legal
mail.

100. On January 23, 2007, Plaintiff appeared before
Facility C Unit Classification Committee for a negitive
program review, regarding the guilty findings for
Plaintiff's CDC-115 Disciplinary Rules Violation Report
Log No. C-06-0032.

101. At Plaintiff's Unit Classification Committee
Hearing, Committee members Defendants D. Vanderville,
D. McGuire, J. Owens, R. Beaman and P. Moench told
Plaintiff that his classification score has increased,
his legal mailing, Law Library, Dayroom and Telephone
Privileges have all been suspended.

102. Plaintiff was also told that, his transfer that was scheduled on December 12, 2006 And December 20, 2006, was being rescinded because, he was found guilty of CDC-115 Disciplinary Rules Violation Report Log No. C-06-0032.

103. Plaintiff explain to Defendants D. Vanderville, D. McGuire, J. Owens, R. Beaman And P. Moench that, the Disciplinary Charges Are False, that none of his witnesses were called, that he was not allowed to speak or present any documentary evidence 'Court orders' and that Hearing Officer R. Peery pronounced him guilty soon as he entered the Office.

104. Defendant D. Vanderville responded, "Mitchell, your guilty, because you were Found guilty. Regardless, if you or your witnesses didn't get to speak or the Hearing officer didn't look at your evidence."

105. Plaintiff told Defendant D. Vanderville that, "Here Are my Court orders, read them And you'll see that the Disciplinary Charges Are False. You will Also see that I'm telling the truth."

106. Each Defendant Unit Classification Committee Member D. Vanderville, D. McGuire, J. Owens, R. Beaman And P. Moench read And examined Plaintiff's Court Orders.

107. Plaintiff then pointed out to all of the Defendant Unit Classification Committee members that, Defendant Correctional Counselor D. McGuire was present during my Telephonic Conference and was personally told by Deputy Attorney General Jill Vander Brought that, Plaintiff's Court orders were from the Court, to stop punishing Plaintiff for maintaining a Civil Action and to allow Plaintiff to comply with the Court's order.

108. Defendant D. McGuire replied, "I did speak to a Deputy Attorney General Jill Vander Brought on January 18, 2007, and I was told that Mitchell must be allowed to comply with the Court orders and that he shouldn't be disciplined for attempting to do so."

109. After each Defendant Unit Classification Committee Member had a chance to read and examine Plaintiff's Court orders, Defendant D. Vanderville responded, "So what, you had a valid court deadline and that the Disciplinary Charges are false. I don't care what your Court orders say, next time you'll think twice before you file a lawsuit on me."

110. Plaintiff told Defendants Unit Classification Committee members D. Vanderville, D. McGuire, J. Owens, R. Beaman and P. Moench, and each of them, that they were violating his Constitutional rights by their refusal to take Corrective Action and their encouraging, tollerating and ratifying the Retalitory CDC-115 Disciplinary Rules Violation Report Log No. C-06-0032

1. And that he would be filing a complaint against them.
2. 111. Defendant D. Vanderville replied, "I don't care about
3. your rights or you filing a complaint. This happened
4. because you filed that October 20, 2006, Lawsuit
5. on us. Now, shut the fuck up because, were done."
6. 112. Defendant D. Vanderville then ordered Correctional
7. staff to escort Plaintiff back to his cell.
8. 113. On February 6, 2007, Plaintiff filed a 602-appeal
9. Log No. C-07-00788, regarding the January 23, 2007, Unit
10. Classification Hearing.
11. 114. On March 4, 2007, Plaintiff filed a 602-appeal
12. Log No. C-07-01034, regarding Plaintiff's CDC-115
13. Disciplinary Rules Violation Report Log No. C-06-0032.
14. 115. On April 4, 2007, Plaintiff was called over to
15. Facility C Yard Program Office, where he was
16. interviewed by Defendant Lieutenant D. Van Leer,
17. regarding 602-appeal Log No. C-07-01034.
18. 116. During this interview, Plaintiff explained to
19. Defendant D. Van Leer that, the CDC-115 Disciplinary
20. Rules Violation Report Log No. C-06-0032, charges
21. were false, that Hearing Officer R. Peery refused to
22. call any witnesses and refused to let Plaintiff
23. speak or present documentary evidence.
24. 117. Investigative Employee Correctional Officer
25. R. Pribble was present and told Defendant D. Van
26. Leer that, "First, the Hearing Officer nevered
27. called me at Mitchell's Disciplinary Hearing. Had
28. Lt. Peery called me to testify, I would've

28

1. testified that, Inmate Mitchell did have a valid
2. Court deadline because, I personally hand delivered
3. Mitchell's Court orders to him when they got to
4. the prison And that these Disciplinary Charges
5. Are False."
6. 118. After listening to Officer R. Pribble's testimony
7. And reading Plaintiff's Court orders, Defendant
8. D. Van Leer said, "I see that you did have a valid
9. Court deadline of less than 30 days, when you
10. requested law library services. I Also knowledge
11. Officer Pribble's testimony, verifying that, you
12. did have a valid court deadline And that he
13. wasn't called as a witness at the hearing.
14. But, I don't care. It's not my Job to correct or
15. punish Correctional staff when they File False
16. Disciplinary Charges on an inmate."
17. 119. Plaintiff said, "This is your Job As A Hearing
18. Officer, reviewing An Inmate's 602-Appeal, to
19. be impartical and to dismiss CDC-115 Disciplinary
20. Rules Violation Reports that you know Are False."
21. 120. Defendant D. Van Leer replied, "Mitchell. I spoke
22. to Captain Vanderville And Librarian Simpson,
23. And they told me that, they Filed these charges
24. on you because, you File lawsuits. Listen, this
25. Shit is between you, Vanderville And Simpson. And
26. I'm not getting in the middle of it."
27.
28.

29

121. Plaintiff responded, "What do you mean that, your not getting in the middle of this? It's your job to dismiss disciplinary charges that, you know Are False."

122. Plaintiff then told Defendant D. Van Leer that, he would be Filing a complaint on him. For refusing to follow departmental policy and procedure And for refusing to dismiss the False disciplinary charges.

123. Defendant D. Van Leer replied, "Mitchell, this is what I'm going to do. I'm going to "Dismiss" the Disciplinary Rules Violation Report Log No. C-06-0032, And order that it be Reissued / Reheard. I'm doing this because, I don't want to get involved in this And I know that these charges Are False, that your due process rights were Violated when Lt. R. Peery refused to call Any of your witnesses And denied you the right to present documentary evidence."

124. Plaintiff again told Defendant D. Van Leer that, "So, what your telling me, is that you know that the charges Are False and that all of my procedural due process rights were violated but, your only dismissing the CDC-115 to be reissued / reheard."

125. Defendant D. Van Leer replied, "Look, I'm telling you that, I'm dismissing your 115, to be reissued / reheard. This means that, the 115 is not going to be reissued or reheard. The 115 is going to be "Abandoned"."

30

1. **126.** Plaintiff responded, "What do you mean that, the 115
2. is going to be abandoned?"

3. **127.** Defendant D. Van Leer replied, "Look, what I mean is
4. that, we are not going to reissue or rehear your 115.
5. Because, we know that the 115 should have never been
6. filed in the first place. This way, the 115 is voided
7. out and removed from your C-file and I don't have
8. to file a repremand on my staff for filing a false
9. 115. Its a win, win situation for everybody."

10. **128.** Plaintiff replied, "so what your telling me is that,
11. you don't care about my rights being violated, you only
12. care about correctional personnel being held culpable
13. and repremands being filed for misconduct."

14. **129.** Defendant D. Van Leer responded, "Yes, your right. I
15. don't care about your rights being violated. I fully
16. support all actions and decisions made by
17. correctional personnel, even if, their actions and
18. decisions violates the law or an inmate's rights.
19. Besides, there's a Code-of-silence here at High
20. Desert, where supervisory personnel do not discipline
21. or repremand any correctional personnel for misconduct
22. against an inmate."

23. **130.** Plaintiff told Defendant D. Van Leer that, he was
24. going to file a complaint on him for condoning
25. correctional personnel misconduct and for refusing
26. to follow departmental policy and procedure.
27.

28.

1 **131.** Defendant D. Van Leer replied, "I don't care, if you
2 write me up or take this 602-Appeal to Sacramento.
3 Just so you know, I've already called the Inmate
4 Appeals Branch in Sacramento and I personally told
5 Appeals Chief N. Grannis And Appeals Examiner
6 R. Floto not to review or correct any misconduct
7 on you 602-Appeal Log No. C-07-01034. Just Rubber
8 Stamp our decision here at High Desert '_Denied_'
9 and send the 602-Appeal back. Now, if you don't
10 want a 115 don't file lawsuits or help inmates
11 file lawsuits on staff. We're done, get out of my
12 office."

13 **132.** From April 4, 2007 to the present, Plaintiff's
14 CDC-115 Disciplinary Rules Violation Report Log No.
15 C-06-0032 has not been reissued or reheard. The
16 CDC-115 has been abandoned.

17 **133.** On April 19, 2007, Plaintiff submitted his
18 602-Appeal Log No. C-07-1034, to Defendants N. Grannis
19 and R. Floto, at the Chief, Inmate Appeals Branch
20 in Sacramento, to correct Constitutional and
21 departmental policy and procedure violations.

22 **134.** On July 18, 2007, Defendants N. Grannis and R. Floto
23 upon order from Defendant D. Van Leer, refused to
24 correct the Constitutional and departmental policy
25 and procedure violations. Instead, issued a _Rubber_
26 _Stamp_" denial, without investigating any facts
27 relating to Plaintiff's 602-Appeal Log No. C-07-01034.
28.

1. **135.** Plaintiff alleges that in response to his repeated
2. grievances and the filing of the following 42 U.S.C. 1983
3. Civil Rights Complaints:
4. 1. _Robert Mitchell v. D.G. Adams, et. al._
5. No. CIV-06-2321-GEB-GGH (PC);
6. 2. _Robert Mitchell v. Correctional Officer L. Villa_
7. No. 03 CV-1157-WQH (POR);
8. 3. _Carlos Rosado v. Edward Alameida, JR, et. al._
9. No. 03 CV-1110-J (POR)
10.
11. **136.** Defendants, and each of them, conspired to
12. interfere with and denied Plaintiff his First and
13. Fourteenth Amendment Rights under the United States
14. Constitution and laws enacted thereunder.
15. **137.** Plaintiff alleges that in response to his repeated
16. grievances and the filing of several 42 U.S.C. 1983 Civil
17. Rights Complaints, the Defendants, and each of them,
18. retaliated against Plaintiff for exercising his First
19. Amendment rights, by filing a CDC-115 Disciplinary
20. Rules Violation Report Log No. C-06-0032, then
21. refused to allow Plaintiff to mail any legal
22. documents to Court, in violation of the First
23. Amendment... [And that] Defendants, and each of them,
24. collectively conspired to, and chilled Plaintiff's
25. exercise of his First Amendment rights [through actions
26. that] do [ ] not advance any legitimate penological
27. goals, nor [are] tailored narrowly enough to achieve
28. such goals.

1. **138.** By Defendants, and each of them, conspiring and filing
2. a retaliatory CDC-115 Disciplinary Rules Violation Report
3. Log No. C-06-0032, then refusing to allow Plaintiff
4. to mail any legal documents to Federal and State
5. Court, in retaliation against Plaintiff for exercising
6. his First Amendment rights, Plaintiff suffered a
7. chilling effect, when his 42 U.S.C. 1983 Civil Rights
8. Complaint _Mitchell v. Correctional Officer L.Villa_
9. No. 03 CV-1157-WQH (POR) was dismissed, pursuant
10. to Defendant's 12(b)(6) Motion to Dismiss, due to
11. Plaintiff being denied the right to file an opposition
12. to Defendant's 12(b)(6) Motion to Dismiss, as prescribed
13. by U.S.D.C.-S.D. Local Rule 7.1 (e.2) and 7.1 (F.3.c).
14. **139.** As a result of Defendant's conduct and each
15. of them, Plaintiff was also deterred from seeking
16. Law Library services and from attempting to mail
17. any legal documents to Court.
18. **140.** Plaintiff alleges that Defendants' conduct and
19. each of them, to conspire and file a retaliatory
20. CDC-115 Disciplinary Rules Violation Report Log No.
21. C-06-0032, then arbitrarly denying Plaintiff the
22. right to witnesses and the right to present
23. documentary evidence at his disciplinary hearing
24. and not allowing Plaintiff to mail any legal
25. documents to Federal Court, all in retaliation
26. against Plaintiff for exercising his First Amendment
27. rights, shocks the conscience and interfered with
28. rights implicit in the concept of ordered liberty

34

1 And violates both, the substantive and procedural
2 Due Process Clause of the Fourteenth Amendment
3 of the United States Constitution.
4 141. By reason of Defendants' conduct, and each of
5 them, Plaintiff was deprived of rights, privileges
6 and immunities secured to him by the First and
7 Fourteenth Amendments of the United States
8 Constitution and laws enacted thereunder.
9 142. The aforementioned acts and omissions of
10 Defendants, and each of them, were willful, wanton,
11 malicious, oppressive, vexatious, deliberate and
12 done with reckless indifference to and/or callous
13 disregard for Plaintiff's rights and justify an
14 award of exemplary and punitive damages to be
15 proven at trial.
16
17
18
19
20
21
22
23
24
25
26
27
28

1. 

<u>Count One</u>

2. <u>Violation Of Civil Rights 42 U.S.C. 1983 First Amendment</u>
3. <u>Retaliation</u>

4. (By Plaintiff Against All Defendants And Does 1 through 10)
5. 143. Plaintiff hereby incorporates And realleges paragraphs 1 to 142,
6. of this Complaint, As fully set forth at this place.
7. 144. In committing the acts set forth in paragraphs 1 to 142
8. of this Complaint, Plaintiff alleges that in response to
9. his repeated grievances, And the filing of several
10. 42 U.S.C. 1983 Civil Rights Complaints, Defendants, And
11. each of them, Conspired And Violated Plaintiff's
12. First Amendment rights in Four (4) instances:
13. 1) The Taking of Plaintiff's Legal Documents out of his
14. presence to make Copies,
15. 2) The Defendants making And keeping copies of Plaintiff's
16. Legal Documents for their personal records;
17. 3) The Defendants filing A CDC-115 Disciplinary Rules
18. Violation Report on Plaintiff for his repeated grievances
19. And his 42 U.S.C. 1983 Civil Rights Complaints And
20. 4) The Defendants refusing to Allow Plaintiff to mail
21. Any legal documents to Federal Court.
22. 145. In committing the above described acts And
23. omissions, Plaintiff alleges that Defendants' Acts were
24. in Violation of the First Amendment... [And that]
25. Defendants, And each of them, Collectively Conspired to
26. And Chilled Plaintiff's exercise of his First Amendment
27. [through actions that] do [] not advance Any legitimate
28. penological goals, nor [are] tailored narrowly enough to

36

1. Achieve such goals.

2. 146. By Defendants, and each of them, conspiring and
3. filing a retalitory CDC-115 Disciplinary Rules Violation
4. Report Log No. C-06-0032, then refusing to allow
5. Plaintiff to mail any legal documents to Federal and
6. State Court, in retaliation against Plaintiff for
7. exercising his First Amendment rights, Plaintiff suffered
8. a chilling effect, when his 42 U.S.C. 1983 Civil Rights
9. Complaint: <u>Mitchell v. Correctional Officer L. Villa</u>
10. No. 03 CV-1157-WQH (PoR), was dismissed, pursuant
11. to Defendant's 12(b)(6) Motion to Dismiss, due to
12. Plaintiff being denied the right to file an opposition
13. as prescribed by U.S.D.C.- S.D. Local Rule 7.1 (e.2) and
14. 7.1 (F.3.c).

15. 147. As a result of Defendants' conduct, and each of
16. them, Plaintiff was also deterred from seeking any
17. Law Library Services and from attempting to mail
18. any legal documents to court.

19. 148. By Defendants' conduct, and each of them,
20. Plaintiff was deprived of rights, privileges and
21. immunities secured to him by the First Amendment of
22. the U.S. Constitution and laws enacted thereunder.
23. 149. As a result of the aforesaid acts and omissions
24. of Defendants, and each of them, Plaintiff has become
25. mentally upset, distressed and aggravated. By reason
26. of the aforedescribed acts and omissions of Defendants,
27. and each of them, Plaintiff suffered numerous injuries,
28. including, but not limited to, lost and damaged legal

1 documents, humiliation, indignities and great mental
2. and emotional pain and suffering. Plaintiff claims
3 compensatory / general damages to be proven at trial.
4. **150.** The aforementioned acts of Defendants, were willful,
5. wanton, malicious, oppressive, vexatious, deliberate and
6 done with reckless indifference to and / or callous disregard
7. for Plaintiff's rights Justify an award of exemplary and
8. punitive damages to be proven at trial.
9.                     <u>Count Two</u>
10       <u>Violation of Civil Rights 42 U.S.C. 1983 First Amendment</u>
11               <u>Denial of Access to the Courts</u>
12      (By Plaintiff Against All Defendants And Does 1 through 10)
13. **151.** Plaintiff hereby incorporates and realleges paragraphs
14. 1 to 142, of this Complaint, as fully set forth at this place.
15. **152.** In committing the acts set forth in paragraphs 1 to 142,
16. of this Complaint, Plaintiff alleges that in response to his
17. repeated grievances and the filing of several 42 U.S.C 1983
18. Civil Rights Complaints, Defendants, and each of them,
19. conspired and violated Plaintiff's First Amendment rights
20. in four (4) instances:
21. 1) The taking of Plaintiff's Legal Documents out of his
22. presence to make copies;
23. 2) The Defendants making and keeping copies of Plaintiff's
24. Legal Documents for their personal records;
25. 3) The Defendants filing a CDC-115 Disciplinary Rules
26. Violation Report on Plaintiff for his repeated grievances
27. and his 42 U.S.C. 1983 Civil Rights Complaints and
28. 4) The Defendants refusing to allow Plaintiff to mail

1. Any legal documents to Federal Court.

2. **153.** In committing the above described acts and

3. omissions, Plaintiff alleges that Defendants' acts were

4. in violation of the First Amendment...[and that]

5. Defendants, and each of them, collectively conspired

6. to and chilled Plaintiff's exercise of his First

7. Amendment rights [through actions that] do [] not

8. advance any legitimate penological goals, nor [are]

9. tailored narrowly enough to achieve such goals.

10. **154.** By Defendants, and each of them, conspiring and

11. filing a retaliatory CDC-115 Disciplinary Rules Violation

12. Report Log No. C-06-0032, then refusing to allow Plaintiff

13. to mail any legal documents to Federal and State Court,

14. in retaliation against Plaintiff for exercising his

15. First Amendment rights, Plaintiff suffered a chilling

16. effect, when his 42 U.S.C. 1983 Civil Rights Complaint:

17. _Mitchell v. Correctional Officer L. Villa_ No. 03 CV-1157-WQH

18. (POR), was dismissed, pursuant to Defendant's 12(b)(6)

19. Motion to Dismiss, due to Plaintiff being denied the

20. right to file an opposition as prescribed by U.S.D.C.-

21. S.D. Local Rule 7.1(e.2) and 7.1(f.3.c.)

22. **155.** As a result of Defendants' conduct, and each

23. of them, Plaintiff was also deterred from seeking

24. any Law Library Services and from attempting to

25. mail any legal documents to Court.

26.

27.

28.

156. By Defendants' conduct, and each of them, Plaintiff was deprived of rights, privileges and immunities secured to him by the First Amendment of the U.S. Constitution and laws enacted thereunder.

157. As a result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has become mentally upset, distressed and aggravated. By reason of the aforedescribed acts and omissions of Defendant's and each of them, Plaintiff suffered numerous injuries, including, but not limited to, lost and damaged legal documents, humiliation, indignities and great mental and emotional pain and suffering. Plaintiff claims Compensatory / General Damages to be proven at trial.

158. The aforementioned acts of Defendants, were willful, wanton, malicious, oppressive, vexatious, deliberate and done with reckless indifference to and / or callous disregard for Plaintiff's rights and justify an award of exemplary and punitive damages to be proven at trial.

Count Three

Violation of Civil Rights 42 U.S.C. 1983 Fourteenth Amendment Substantive and Procedural Due Process And Liberty Interest Violations
(By Plaintiff Against All Defendants And Does 1 through 10)

159. Plaintiff hereby incorporates and realleges paragraphs 1 to 142, of this Complaint, as fully set forth at this place.

160. In committing the acts set forth in paragraphs 1 to 142, of this Complaint, Plaintiff alleges that in response to his repeated grievances and the filing of several 42 U.S.C. 1983 Civil Rights Complaints, Defendants, and each of them, conspired and violated Plaintiff's First Amendment rights in four (4) instances:

1) The taking of Plaintiff's Legal Documents out of his presence to make copies;

2) The Defendants making and keeping copies of Plaintiff's Legal Documents for their personal records;

3) The Defendants filing a CDC-115 Disciplinary Rules Violation Report on Plaintiff for his repeated grievances and his 42 U.S.C. 1983 Civil Rights Complaints and

4) The Defendants refusing to allow Plaintiff to mail any legal documents to Federal Court.

161. Plaintiff alleges that Defendants' conduct and each of them, to conspire and file a retaliatory CDC-115 Disciplinary Rules Violation Report Log No. C-06-0032, then arbitrarly denying Plaintiff the right to witnesses and the right to present documentary evidence at his disciplinary hearing and not allowing Plaintiff to mail any legal documents to Federal Court, all in retaliation against Plaintiff for exercising his First Amendment rights, shocks the conscience and interfered with rights implicit in the concept of ordered liberty

1 And violates both the substantive and procedural
2 Due Process Clause of the Fourteenth Amendment of
3 the United States Constitution.

4 **162.** By Defendants' conduct, and each of them, Plaintiff
5 was deprived of rights, privileges and immunities
6 secured to him by the Fourteenth Amendment of
7 the U.S. Constitution and laws enacted thereunder.

8 **163.** As a result of the aforesaid acts and omissions
9 of Defendants, and each of them, Plaintiff has
10 become mentally upset, distressed and aggravated.
11 By reason of the aforedescribed acts and omissions
12 of Defendants, and each of them, Plaintiff suffered
13 numerous injuries, including, but not limited to,
14 lost and damaged legal documents, humiliation,
15 indignities and great mental and emotional pain
16 and suffering. Plaintiff claims Compensatory /
17 General Damages to be proven at trial.

18 **164.** The aforementioned acts of Defendants, were
19 willful, wanton, malicious, oppressive, vexatious,
20 deliberate and done with reckless indifference
21 to and / or callous disregard for Plaintiff's
22 rights and Justify an award of exemplary and
23 punitive damages to be proven at trial.
24
25
26
27
28

## Count Four
## "Torts In Essence"

(By Plaintiff Against All Defendants And Does 1 through 10)

165. Plaintiff hereby incorporates and realleges paragraphs 1 to 142, of this complaint, as fully set forth at this place.

166. Defendants, and each of them, owed to Plaintiff non-consenual duties in accordance with Penal Code 118 [perjury]; 118.1 [writing false reports]; 134 [preparing false evidence]; 153 [concealing a crime]; 182 [conspiracy]; 422.6 [interference with Civil Rights] and 832.5 [violation of personal complaint procedure].

167. Defendants, and each of them, owed to Plaintiff non-consenual duties in accordance with Penal Code 422.6 [interference with Civil Rights]

168. Defendants, and each of them, failed in their performance of said duties as set forth above, thereby, causing and continuing to cause damage to Plaintiff.

169. As a result of Defendants acts, Plaintiff has become mentally upset, distressed and aggravated. By reason of the acts and omissions of Defendants, and each of them, Plaintiff has become physically and emotionally injured, including, but not limited to, severe pain, humiliation, indignities, great physical, mental and emotional pain and suffering all to his damage. Plaintiff claims General Damages for mental distress and aggravation to be proven at trial.

170. The aforementioned acts of Defendants, and each of them, were willful, wanton, malicious, oppressive, vexatious, deliberate and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify an award of exemplary and punitive damages to be proven at trial.

171. Further, the acts of Defendants, and each of them, did not advance or support any legitimate penological interest, and as a result of said violations of Penal Code 422.6, Defendants, and each of them, are liable to Plaintiff for a maximum of $5,000.⁰⁰ per violation, by each Defendant.

## Damages

Wherefore, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1) General Damages in the sum of Two Hundred Fifty Thousand Dollars $250,000.⁰⁰;

2) Compensatory Damages in the sum of Two Hundred Fifty Thousand Dollars $250,000.⁰⁰;

3) Punitive/Exemplary Damages in the sum of Five Hundred Thousand Dollars $500,000.⁰⁰;

4) Award Punitive Damages pursuant to Penal Code 422.6;

5) Award Attorney Fees pursuant to 42 U.S.C. 1988;

6) For penalties and attorney Fees pursuant to Civil Code Section 52 (b)(2) and 52 (b)(3);

7) For Interest as provided by law;

8) For Costs of suit herein;

1. 9) _Declaratory Judgment_, enter a Declaratory
2. Judgment that, Defendants Acts and omissions,
3. As described herein violated Plaintiff's Federally
4. protected rights, under the United States Constitution.
5. 10) _Injuctive Relief_; enter an injuction ordering
6. Defendants to pay Plaintiff the damages he was
7. seeking / requesting for his 42 U.S.C. 1983 Civil Rights
8. Complaint - _Mitchell v. Correctional Officer L. Villa_
9. No. 03 CV-1157-WQH (PoR), that was dismissed
10. because of Defendants Acts and omissions, As
11. described herein.
12. Also, An injuction ordering the "_Expungement_"
13. of Plaintiff's CDC-115 Disciplinary Rules Violation
14. Report Log No. C-06-0032.
15.          Demand For Jury Trial
16. Plaintiff hereby demands A trial by Jury
17.          Verification
18. I, the undersigned state that, I am a Plaintiff
19. in this Action, I declare under penalty of perjury
20. under the laws of the United States that, the
21. foregoing statements are true and correct.
22.
23.
24. Dated: 10/2/07                    By: _____
25.                                    Robert Mitchell F-87230
26.                                    Plaintiff, In Pro Per.
27.
28.

45

# EXHIBIT A

# DIRECTOR'S LEVEL APPEAL DECISION

Date:  JUL 1 8 2007

In re:  Mitchell, P-87230
High Desert State Prison
P.O. Box 270220
Susanville, CA 96127

IAB Case No.: 0613733          Local Log No.: HDSP 07-001034

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Floto. All submitted documentation and supporting arguments of the parties have been considered.

**I  APPELLANT'S ARGUMENT:** The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #C-06-12-0032, dated December 9, 2006, for "Manipulation of Staff," a Division "F" offense. He contends that his due process rights were violated in that he was denied witnesses at the hearing. He maintains that the documents utilized in adjudication of the disciplinary action are erroneous. It is the appellant's position that he did not receive the final copy of the RVR within five days. He requests dismissal of the RVR, that he be provided a list of the staff involved and that his law library privileges be restored.

**II  SECOND LEVEL'S ARGUMENT:** The reviewer found that the appellant was afforded all of his due process rights, including a fair and unbiased hearing. The appellant was found guilty based upon a preponderance of evidence by an impartial Senior Hearing Officer (SHO). The appellant was assigned an Investigative Employee (IE) to assist him in the gathering of evidence. The IE performed the duties appropriately as assigned. The SHO utilized the IE report during the hearing to render a decision. The appellant did meet the criteria for the assignment of a Staff Assistant but refused claiming to be a college graduate. There was no need for a confidential relationship; the issues are not complex; and it was determined that the appellant understands English and the disciplinary process. The documentation reflects that the appellant waived that any witnesses be present at the hearing. The time constraints regarding the providing of an inmate the final copy of the RVR is not a due process issue and does not warrant modification of the outcome of the results of the RVR. The appellant was not assessed loss of his law library privileges in the disciplinary disposition; therefore, he was informed to address that issue on a separate appeal. The appellant was provided a finalized copy of the RVR on February 15, 2007, which provides him with the names of all the staff involved in the disciplinary process.

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

   **A.  FINDINGS:** The appellant was afforded all due process rights in the adjudication of the RVR and all procedural guidelines were met. A preponderance of evidence was established by an impartial SHO to sustain the guilty finding. Reports reflect that the appellant has presented no new or compelling evidence in the appeal, which would warrant a modification of the decision reached by the institution.

   **B.  BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3004, 3315, 3320, 3323

   **C.  ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, HDSP
        Appeals Coordinator, HDSP

## DIRECTOR'S LEVEL APPEAL DECISION

Date: **JUL 3 1 2007**

In re: Mitchell, P-87230
High Desert State Prison
P.O. Box 270220
Susanville, CA 96127

IAB Case No.: 0614821          Local Log No.: HDSP 07-00788

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pimentel, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that during his Unit Classification Committee (UCC) the chairperson, Facility Captain (FC) D. Vanderville, verbally abused the appellant and refused to allow him to speak on his behalf. The appellant contends that FC Vanderville violated his rights. The appellant requests that FC Vanderville's actions be investigated, and that FC Vanderville be reprimanded, and that the UCC action be rescinded.

**II    SECOND LEVEL'S DECISION:** The reviewer affirms that appropriate supervisory staff have been assigned to conduct an inquiry into this matter. Correctional Lieutenant J. Bishop reviewed the submitted material and interviewed the involved parties. In order to determine the facts, the inquiry arising from this appeal included an interview of the appellant; interview of department employees; and review of current policies, laws, and procedures. Additional research may have included interviews of other inmate's or review of the appellant's central file. The reviewer noted that all staff personnel matters are confidential in nature and results of any inquiry will not be disclosed. The reviewer partially granted the appeal.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A. FINDINGS:** Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff and an inquiry has been completed at the First Level of Review. In the event that staff misconduct was substantiated, the institution would take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. In this case, the institution has reported to the appellant that an inquiry was conducted. Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff, or the placement of documentation in a staff member's personnel file, or that the staff member obtain be reprimanded is beyond the scope of the appeals process. Therefore no relief is provided at the Director's Level of Review.

**B. BASIS FOR THE DECISION:**
California Penal Code Section: 832.7, 832.8
California Code of Regulations, Title 15, Section: 3000, 3001, 3391
Administrative Bulletin 05/03: PROCESSING OF ADULT INMATE/PAROLEE APPEALS, CDC FORM 602, WHICH ALLEGE STAFF MISCONDUCT

**C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, HDSP
        Appeals Coordinator, HDSP

# DIRECTOR'S LEVEL APPEAL DECISION

Date: AUG 0 1 2007

In re: Mitchell, P-87230
High Desert State Prison
P.O. Box 270220
Susanville, CA 96127

IAB Case No.: 0614954          Local Log No.: HDSP 07-0972

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pimentel, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that the High Desert State Prison (HDSP) Library Technical Assistant (LTA) inappropriately restricted his ability to make legal copies for a pending court deadline. The appellant contends that the LTA abused her authority. The appellant requests that the LTA be reprimanded, and that he be allowed to receive the requested copies.

**II   SECOND LEVEL'S DECISION:** The reviewer found that a comprehensive and thorough review of the appellant's appeal was conducted. The reviewer found that the appellant was removed from the library due to disruptive behavior. The reviewer noted that the documents that the appellant requested copied were from a civil case; therefore, the appellant must have sufficient funds to cover the cost of copying. The Second Level of Review (SLR) concurred and found that the appellant was inappropriately attempting to have documents from a civil case copied at state expense. The SLR advised the appellant that indigent inmates have free copying service for documents relative to their conviction, or conditions of confinement. The SLR partially granted the appeal.

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

   **A.  FINDINGS:** The documentation and arguments are persuasive that the appellant has failed to support his appeal issues with sufficient evidence or facts to warrant a modification of the SLR. The institution has presented the appellant a thorough and comprehensive review of the appellant's issue and the Director's Level of Review (DLR) finds no basis to alter said decision. The DLR thoroughly reviewed the arguments that the appellant submitted with his appeal and finds that the appellant has failed to present any evidence, other that his own unsupported allegations, that the HDSP is not providing him copying services. The institution has presented the appellant a thorough response relative to the approved procedures for obtaining photocopying services; however, the appellant wants the institution to modify their procedures to accommodate his needs. The DLR finds that pursuant to California Code of Regulations, Title 15, Section (CCR) 3084.1 "(a) Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." The appellant has failed to demonstrate any adverse effect from the HDSP photocopying services. The appellant's appeal is regarding his program and it was appropriately processed as such. The appellant's dissatisfaction with staff's actions does not rise to the level of staff misconduct. In view of the above, no further relief is deemed appropriate at the DLR.

   **B.  BASIS FOR THE DECISION:**
   CCR: 3000, 3001, 3084.1, 3084.2, 3160, 3162, 3165, 3270, 3380
   CDC Operations Manual Section: 14010.19, 14010.21.2

   **C.  ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, HDSP
        Appeals Coordinator, HDSP

# DIRECTOR'S LEVEL APPEAL DECISION

Date:  AUG 1 4 2007

In re:  Robert Mitchell, P87230
High Desert State Prison
P.O. Box 270220
Susanville, CA 96127

IAB Case No.: 0615964          Local Log No.: HDSP-07-1289

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. Burleson. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that he has submitted several complaints regarding the processing of his outgoing legal mail, which have gone unanswered. The appellant asserts that staff are not allowing him to send his legal documents to the court and refusing to take his legal mail from him. The appellant requests to be allowed to send his legal documents to the court; a full investigation into the fact with names and badge numbers of all involved; that a memorandum be issued to all building and mailroom staff authorizing them to allow the appellant to send his legal mail to the court.

**II   SECOND LEVEL'S DECISION:** The reviewer found that during the investigation into the appellant's claim, the appellant changed his story numerous times in regard to the whereabouts of the outgoing legal mail the officers allegedly refused to accept. Interviews with Correctional Officer (CO) Crandle revealed that the appellant has tried to mail his legal mail during count and at meal time. CO Appel reiterated this point by adding that the appellant has been informed that for the past four years the procedure in Facility "C," Building "4" had been that mail pickup is done at 2015 hours every night. Inmates are advised to have their mail ready at that time but the appellant is not prepared. The appellant's request to be allowed to mail out legal mail is granted; however, the appellant must follow procedure in order to be successful. There is no need for a memorandum as staff are following procedure.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.   FINDINGS:** The institution has provided a comprehensive response to the appellant at the Second Level of Review. The evidence is persuasive that the appellant will be able to successfully mail his documents to the court when he follows established procedures. The appellant has not provided convincing argument or compelling evidence to warrant modification of the decision reached by the institution.

**B.   BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3142, 3160, 3162, 3165

**C.   ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, HDSP
Appeals Coordinator, HDSP

## PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _Robert Mitchell_ , declare:

I am over 18 years of age and a party to this action. I am a resident of _____

_Hyh Desert state_ Prison,

in the county of _Susanville_ ,

State of California. My prison address is: _Hyh Desert State Prison_

_P.o. Box 3030 C-4-101 Susanville, CA 96127_

On _10/2/07_ ,
(DATE)

I served the attached: _Plantiff's Complain for Violation of Civil_

_Rights 42 U.S.C. 1983 & Demand for Jury Trial & IFP Application_
(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope,
with postage thereon fully paid, in the United States Mail in a deposit box so provided at the
above-named correctional institution in which I am presently confined. The envelope was
addressed as follows:

_United States District Court - Eastern Dist. 501 "I" street_

_Ste. 4-200, Sacramento, CA 95814_

I declare under penalty of perjury under the laws of the United States of America that the
forgoing is true and correct.

Executed on _10/2/07_           _[signature]_
(DATE)                          (DECLARANT'S SIGNATURE)