1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | ALVIN GITTISRIBOONGUL
Supervising Deputy Attorney General
5 | CONSTANCE L. PICCIANO, State Bar No. 66172
Deputy Attorney General
6 | 1300 I Street, Suite 125
P.O. Box 944255
7 | Sacramento, CA 94244-2550
Telephone: (916) 322-6453
8 | Fax: (916) 324-5205
Email: Constance.Picciano@doj.ca.gov

Attorneys for Defendants Apple, Beaman, Crandall, Flaherty, Foulk, Frohrib, Jackson, Van Leer, Owens, Peery, Shelton, Simpson-Cobb, Vanderville, and Wong

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **ROBERT MITCHELL,**<br><br>  Plaintiff,<br><br>    v.<br><br>**R. WONG, et al,**<br><br>  Defendants. | 2:07-CV-2090 LEW CMK P<br><br>**ANSWER AND DEMAND FOR JURY TRIAL** |

In response to the complaint, filed on October 5, 2007, Defendants Apple, Beaman, Crandall, Flaherty, Foulk, Frohrib, Jackson, Van Leer, Owens, Peery, Shelton, Simpson-Cobb, Vanderville, and Wong, admit, deny and allege as follows:

I

In response to paragraph 1 of the complaint, entitled Jurisdiction and Venue, Defendants admit that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1343;

admit that venue is appropriate in the Eastern District of California; Defendants deny any other allegation of paragraph 1.

II

In response to paragraph 2 of the complaint, entitled General Allegations, Defendants admit the allegations of paragraph 2.

III

In response to paragraphs 3 through 18 of the complaint, entitled Parties, Defendants admit that Defendants are sued in their individual capacities; admit that Defendant Wong is an Associate Warden at High Desert State Prison (HDSP); deny the remaining allegations of paragraph 3; deny that Defendant Jackson is presently the Litigation Coordinator at HDSP; admit that Defendant Jackson was previously assigned as the Litigation Coordinator at HDSP; deny the remaining allegations of paragraph 4; admit that Defendant Vanderville is a Correctional Counselor II at HDSP; deny the remaining allegations of paragraph 5; admit that Defendant Foulk is an Associate Warden at HDSP; deny the remaining allegations of paragraph 6; admit that Defendant Peery is a Correctional Lieutenant at HDSP; deny the remaining allegations of paragraph 7; admit that Defendant Van Leer is a Correctional Lieutenant at HDSP; deny the remaining allegations of paragraph 8; Defendants are without sufficient information to admit or deny the allegations of paragraphs 9 and 10, and on that basis deny each and every allegation of paragraphs 9 and 10; admit that Defendant Vanderville is a Correctional Counselor II at HDSP, that Devendant Owens is a Correctional Counselor I, that Defendant Beaman is a teacher at HDSP; deny the remaining allegations of paragraph 11; admit that Defendants Apple, Crandall and Shelton are Correctional Officers at HDSP; deny the remaining allegations of paragraph 12; admit that Defendant Flaherty is the Senior Librarian at HDSP; admits that Defendant Flaherty is the supervisor of Defendant Simpson; deny the remaining allegations of paragraph 13; deny the allegations of paragraph 14; admit that Defendant Simpson is a Library Technical Assistant at HDSP; admit that she is responsible for providing library services to inmates at HDSP, including copy services as permitted by the Operations Manual of the

/ / /

Department of Corrections and Rehabilitation; deny the remaining allegations of paragraph 15; deny each and every allegation of paragraphs 16, 17 and 18.

IV

In response to paragraphs 19 and 20, entitled Exhaustion of Administrative Remedies, Defendants deny that Plaintiff has exhausted his administrative remedies as to all claims alleged in the complaint; Defendants are without sufficient information and belief to answer the remaining allegations of paragraph 19, and on that basis deny each and every other allegation; deny each and every allegation of paragraph 20.

V

In response to paragraphs 21 through 142, entitled Factual Allegations, Defendants admit that Plaintiff was deposed in the case of *Rosado v. Alameida,* O3 CV 1110 NAJ (POR); admit that Plaintiff was told that he would have an opportunity to review the transcript and make changes; are without sufficient information and belief to answer the remaining allegations of paragraphs 21 and 22, and on that basis deny each and every other allegation; deny the allegations of paragraph 23; deny that the transcript of Plaintiff's deposition was his property; admit that the transcript was sent to the Litigation Coordinator's office, and forwarded to the prison library for Plaintiff's review; admit that Plaintiff was not given the transcript of his deposition; deny each and every other allegation of paragraphs 24 through 35; admit that the district court issued an order for thirty copies of the complaint in the case of *Mitchell v. Adams,* CIV S-06-2321 GEB GGH for service on the defendants; admit that Plaintiff was provided with thirty copies of the complaint to send to the district court; deny each and every other allegation of paragraphs 36 through 43; Defendants are without sufficient information and belief to answer the allegations of paragraph 44 through 46, and on that basis deny each and every allegation; admit that Plaintiff had an order in the case of *Mitchell v. Villa,* 03-cv-1157 WQH (POR) to file petitions for writ of habeas corpus ad testificandum by January 2, 2007; allege that Defendant Simpson was told by the court's clerk that the due date was January 22, 2007; deny that the court issued an order in *Rosado v. Alameida,* for Plaintiff to file objections to a subpoena; allege that Plaintiff had previously filed a motion to quash the subpoena and the order was for the parties to

file briefing; admit that Defendant Crandall call the library; admit that Defendant Simpson told Defendant Crandall to bring Plaintiff's documents to the library for copying; admit that Plaintiff's legal documents were returned to him because he had included documents which did not qualify for free copying; admit that Defendant Simpson issued Plaintiff a rule violation report for "Manipulation of Staff"; deny each and every other allegation of paragraphs 47 through 54; admit the allegations of paragraphs 55, 56; admit that Plaintiff had a court order in *Mitchell v. Villa,* to file habeas ad testificandum writs; deny that Plaintiff had a court order in *Rosado v. Alameida*, to file objections to a subpoena; Defendants are without sufficient information to admit or deny the remaining allegations of paragraphs 58 and 59, and on that basis deny each and every other allegation; deny each and every allegation of paragraph 59; admit that Officer Pribble interviewed Defendants Simpson and Crandall on December 29, 2006; admit that Defendant Simpson stated that she had nothing to add to her report; admit that Defendant Mitchell stated that Plaintiff showed him court documents with a deadline of January 2, 2007, that he contacted Defendant Simpson, and was told by Defendant Simpson to bring the legal documents to the library; Defendants deny the remaining allegations of paragraphs 60 and 61; admit that Plaintiff was in the library on January 11, 2007; Defendants are without sufficient information and belief to answer the remaining allegations of paragraph 62, and on that basis deny each and every allegation; deny each and every other allegation of paragraphs 63 through 69; admit that Plaintiff was escorted out of the library for disruptive behavior; admit that Plaintiff prepared, and dated administrative appeal, Log No. HDSP-C-07-0972, January 11, 2007, claiming that he was being denied library services; Defendants deny each and every allegation of paragraphs 72 through 76; admit that Plaintiff's disciplinary hearing was held on January 18, 2007; admit that the hearing officer was Defendant Peery; admit that no witnesses were called because Plaintiff rescinded his request for witnesses; deny that Plaintiff offered documentary evidence; deny each and every other allegation of paragraphs 77 through 82; deny each and every allegation of paragraphs 83 through 98; admit that Plaintiff prepared administrative appeals, dated March 12, 2007, April 2, 2007 and April 3, 2007, that were consolidated as Log No. HDSP-C-07-1289, claiming that staff would not process his outgoing

legal mail; admit that plaintiff appeared before a unit classification committee on January 23, 2007; admit that the committee members were D. Vanderville, D.A. McGuire, R. Beaman, J. Owens, and P. Moench; admit that the committee acted to rescind a recommendation for transfer because Plaintiff was not disciplinary free; admit that Plaintiff threatened to sue the committee members; deny that the committee acted as the first level of appeal of the disciplinary for Manipulation of Staff; deny each and every other allegation of paragraphs 100 through 112; admit that Plaintiff prepared and dated administrative appeal, Log No. HDSP-C-07-0788, on February 5, 2007, contesting the decision of the January 23, 2007, classification committee; admit that Plaintiff's administrative appeal, Log No. HDSP-07-1034, challenged the rule violation for Manipulation of Staff; deny the remaining allegations of paragraph 114; admit that Plaintiff was interviewed by Defendant Van Leer at the second level in appeal Log No. HDSP-07-1034; admit that Plaintiff submitted documentary evidence to Defendant Van Leer; admit that Plaintiff claimed that the Defendant Simpson's rule violation report was false; admit that Chief Deputy Warden McDonald ordered the disciplinary report reissued and reheard; admit that Plaintiff pursued his appeal to the third level where it was denied by N. Grannis; deny each and every other allegation of paragraphs 115 through 134; Defendants deny each and every allegation of paragraphs 135 through 142.

VI

In response to paragraphs 143 through 150, entitled Count One Violation of Civil Rights 42 U.S.C. 1983 First Amendment Retaliation, Defendants admit, deny and allege as set forth in parts I through V of this answer; allege that the case of *Mitchell v. Villa* was dismissed for Plaintiff's failure to exhaust administrative remedies; deny each and every other allegation of paragraphs 143 through 150.

VII

In response to paragraphs 151 through 158, entitled Count Two Violation of Civil Rights 42 U.S.C. 1983 First Amendment Denial of Access to the Courts, Defendants admit, deny and allege as set forth in parts I through VI of this answer; deny each and every other allegation of paragraphs 151 through 158.

Answer and Demand for Jury Trial

5

### VIII

In response to paragraphs 159 through 164, entitled Count Three Violation of Civil Rights 42 U.S.C. 1983 Fourteenth Amendment Substantive and Procedural Due Process and Liberty Interest Violations, Defendants admit, deny and allege as set forth in parts I through VII of this answer; deny each and every other allegation of paragraphs 159 through 164.

### IX

In response to paragraphs 165 through 171, entitled Count Four "Torts in Essence," Defendants admit, deny and allege as set forth in parts I through VIII of this answer; deny each and every other allegation of paragraphs 165 through 171.

### X

In response to that portion of the complaint, entitled Damages, Defendants deny each and every allegation, deny that Plaintiff is entitled to the relief requested, or any other relief.

### XI

Except as expressly admitted in this answer, Defendants deny each and every allegation of the complaint.

**AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to exhaust available administrative remedies.
2. To the extent that Plaintiff's damage claims are based on mental or emotional injury, they must be dismissed because there is no showing of physical injury as required by section 1997e(e) of Title 42 of the United States Code, as amended by the PLRA.
3. The complaint is barred by the Eleventh Amendment to the United States Constitution.
4. This court does not have jurisdiction over supplemental state law claims, if any.
5. Defendants are immune from suit for damages.
6. Plaintiff's own conduct has contributed to his damages, if any.
7. Plaintiff has failed to mitigate his damages, if any.
8. Plaintiff has failed to exhaust his remedies under the California State Tort Claims Act, as to his supplement state law claims, if any.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, defendants demand that this action be tried by and before a jury to the extent provided by law.

## PRAYER FOR RELIEF

Defendants pray that the court provide the following relief:

1. Dismissal of the complaint;
2. Entry of judgment for defendants;
3. An award of costs of suit and attorneys' fees to defendants;
4. Such other relief as the court deem proper.

Dated: August 19, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

ALVIN GITTISRIBOONGUL
Supervising Deputy Attorney General

*/s/ Constance L. Picciano*

CONSTANCE L. PICCIANO
Deputy Attorney General
Attorneys for Defendants

30484339.wpd
SA2008302293

Answer and Demand for Jury Trial

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **MITCHELL v. WONG, et al.**

No.: **2:07-CV-2090 LEW CMK P**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>August 19, 2008</u>, I served the attached:

**ANSWER AND DEMAND FOR JURY TRIAL**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Robert Mitchell, P-87230
California State Prison, Sacramento
P.O. Box 290066
Represa, CA 95671
IN PRO PER

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 19, 2008, at Sacramento, California.

| S. Lowe | */s/ S. Lowe* |
|---|---|
| Declarant | Signature |

30484339.wpd

Answer and Demand for Jury Trial