| Case No. | CV 07-2090 AHM | Date | May 19, 2009 |
|---|---|---|---|
| Title | ROBERT MITCHELL v. R. WONG, *ET. AL* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:** IN CHAMBERS:

## I. INTRODUCTION

This motion addresses defendants Grannis's and Floto's motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6) for failure to state a claim. For the following reasons, the Court DENIES the motion.[1]

## II. BACKGROUND

### A. CASE CHRONOLOGY

On October 5, 2007, plaintiff, an inmate at the High Desert State Prison ("HDSP"), filed a complaint, *pro se*, pursuant to 42 U.S.C. § 1983, against the following defendants: (1) Wong, Assistant Warden at HDSP; (2) Jackson, Litigation Coordinator at HDSP; (3) Vanderville, Correctional Captain, CCII at HDSP; (4) Foulk, Correctional Captain at HDSP; (5) Peery, Correctional Lt. at HDSP; (6) Van Leer, Correctional Lt. at HDSP; (7) Grannis, Chief Executive Inmate Appeals Officer, Chief Inmate Appeals Branch; (8) Floto, Appeals Examiner, Chief Inmate Appeals Branch; (9) McGuire, Correctional Counselor, CCI at HDSP; (10) Owens, Correctional Counselor, CCI at HDSP; (11) Beaman, SVI at HDSP; (12) Moench, Ph.D at HDSP; (13) Apple, Correctional Officer at HDSP; (14) Crandall, Correctional Officer at HDSP; (15) Shelton, Correctional Officer at

---

[1] This Order contains factual recitals and legal analysis that go beyond the scope of this motion to dismiss, because the Court believes they will provide guidance for all the parties in the future.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2090 AHM | Date | May 19, 2009 |
|---|---|---|---|
| Title | ROBERT MITCHELL v. R. WONG, *ET. AL* | | |

HDSP; (16) Flaherty, Senior Librarian at HDSP;[2] (17) Frohrib, Vice Principal at HDSP; and (18) Simpson, Library Technical Assistant at HDSP. All the defendants, except for Grannis and Floto, are allegedly employed at the HDSP by the California Department of Corrections ("DOC"). Plaintiff alleges that Grannis and Floto work at the Chief Inmate Appeals Branch in Sacramento, California and are employed by the DOC.

On August 19, 2008, the following defendants filed an answer to the complaint with a jury demand: (1) Wong; (2) Jackson; (3) Vanderville; (4) Foulk; (5) Peery; (6) Van Leer; (10) Owens; (11) Beaman; (13) Apple; (14) Crandall; (15) Shelton; (16) Flaherty; (17) Frohrib; and (18) Simpson-Cobb.

No response has been filed by defendants (9) McGuire and (12) Moench. Defendant McGuire's waiver of service was docketed on May 15, 2008. His answer was due June 16, 2008. Defendant Moench's summons was returned unexecuted because Moench was no longer at the facility. (Docket No. 13.) It appears that Moench has never been served.

On August 22, 2008, defendants (7) Grannis and (8) Floto filed a motion to dismiss under Federal Rule of Civil Procedure, Rule 12(b)(6). On September 9, 2008, plaintiff filed an opposition to the motion to dismiss.

On December 16, 2008, the case was assigned to this Court.

### B.    PLAINTIFF'S COMPLAINT

Plaintiff's complaint alleges four separate counts against all the listed defendants. Count 1 alleges a violation of his civil rights pursuant to 42 U.S.C. § 1983 based on First Amendment retaliation. (Complaint at 36-38.) Count 2 alleges a violation of his civil rights pursuant to 42 U.S.C. § 1983 based on First Amendment denial of access to courts. (Id. at 38-40.) Count 3 alleges a violation of his civil rights pursuant to 42 U.S.C. § 1983 based on Fourteenth Amendment substantive and procedural due process and liberty interest violations. (Id. at 40-42.) Regarding Counts 1, 2 and 3, plaintiff alleges that in response to his repeated grievances and filing of several 42 U.S.C. § 1983 complaints, the

---

[2] Plaintiff filed a complaint against Finherty, but the correct spelling of defendant's name appears to be Flaherty, based on defendants' answer.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2090 AHM | Date | May 19, 2009 |
|---|---|---|---|
| Title | ROBERT MITCHELL v. R. WONG, *ET. AL* | | |

defendants conspired to violate and did violate his First and Fourteenth Amendment rights. (Id. at 36, 38, 41.) Plaintiff lists the following four examples of defendants' alleged misconduct: (1) taking plaintiff's legal documents out of his presence to make copies; (2) making and keeping copies of plaintiff's legal documents for defendants' personal records; (3) filing a CDC-115 Disciplinary Rules Violation Report ("RVR") on plaintiff for his repeated grievances and complaints under 42 U.S.C. § 1983; and (4) refusing to allow plaintiff to mail any legal documents to federal court. (Id. at 36, 38-39, 41.) Count 4 alleges "torts in essence" based on breach of non-consensual duties listed in the California Penal Code, including allegations of perjury, writing false reports, preparing false evidence, concealing a crime, conspiracy, interference with civil rights, and violation of personal complaint procedure. (Id. at 43-44.)

## C. FACTS SURROUNDING MOTION

Defendants Grannis and Floto were involved in a third-level review of a disciplinary report filed against plaintiff. Plaintiff was issued a CDC-115 RVR, Log # C-06-0032 ("RVR"), dated December 9, 2006, for "Manipulation of Staff." Plaintiff alleges that the RVR was issued by defendant Simpson in connection with plaintiff's request for inmate law library services on December 9, 2006. (Complaint at 17.) According to plaintiff, he requested copies and legal materials in connection with the following court orders: (1) November 20, 2006 order in Mitchell v. Villa, CV 03-1157-WQH (S.D. Cal.) giving plaintiff until January 2, 2007 to file a motion for issuance of a writ of habeas corpus ad testificando; and (2) November 20, 2006 order in Rosado v. Alameida, Jr., CV 03-1110-LSP (S.D. Cal.), in which plaintiff was a third party material witness, giving him until December 8, 2006 to file objections to defendant's subpoena. (Id. at 15-16.)

According to the RVR, attached by defendants as an exhibit, defendant Simpson phoned the courts and verified that plaintiff's deadline in Mitchell v. Villa, 03-CV-1157-WQH was January 22, 2007, not January 2, 2007. (Motion, Ex. A, CDC-115 RVR, Log # C-06-0032.)[3] Under governing regulations, inmates were only entitled to law library access if the court deadline was within 30 days. Simpson wrote in the RVR that because plaintiff was "freaking out," she agreed to copy the material. (Id.) Plaintiff was not

---

[3] The RVR includes a typed explanation of the occurrences on December 9, 2006 allegedly written and signed by defendant Simpson.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2090 AHM | Date | May 19, 2009 |
|---|---|---|---|
| Title | ROBERT MITCHELL v. R. WONG, *ET. AL* | | |

brought to the law library because of the lockdown situation. (Id.) Officer Crandall brought Simpson plaintiff's documents, which had the deadline date from Mitchell v. Villa on top. (Id.) Under this document was a Creditor's Claim listing plaintiff as the creditor against the estate of inmate Carlos Rosado, who died in March 2005. (Id.) The documents also included a court document of Rosado concerning his case Rosado v. Alameda, Jr., 03-CV-1110-LSP. Simpson alleged in the RVR that plaintiff manipulated her and Crandall in order to obtain copies of documents to which he was not entitled. (Id.)

Plaintiff alleges that on January 18, 2007, during the RVR hearing, his request for his witnesses to be present and his request to admit documentary evidence were denied by defendant Peery. (Complaint at 22.) According to Part C of the RVR, written and signed by defendant Peery, plaintiff initially requested witnesses, but rescinded this request at the start of the hearing. (Motion, Ex. A, RVR, Part C.) Plaintiff alleges that Peery told him he was guilty of the violation for manipulation of staff because he was filing lawsuits and assessed him 30 days loss of work credits and 90 days loss of legal mailing and law library privileges. (Complaint at 23.) However, it appears that plaintiff was never actually assessed loss of library privileges, although he lost 90 days of mailing privileges. (Opp., Ex. A at 2; Ex. B at 33.)

On January 23, 2007, plaintiff appeared before the Facility C Unit Classification Committee regarding the guilty finding in the RVR hearing. (Id. at 25.) Plaintiff gave the committee his account of what occurred during the RVR hearing and showed the committee copies of the court orders. (Id. at 26-27.) Plaintiff alleges that defendant Vanderville stated that plaintiff was guilty because he had filed a lawsuit in October 2006. (Id. at 26-28.)

On March 4, 2007, plaintiff filed a 602-Appeal, Log # C-07-01034, regarding the RVR, Log # C-06-0032. (Id. at 28.) On April 4, 2007, defendant Van Leer interviewed plaintiff in connection with this appeal. (Id.) Van Leer told plaintiff that he would order that plaintiff's RVR be "abandoned" to be reissued/reheard. (Id. at 30.) Plaintiff then told Van Leer that he was going to file a complaint against him for condoning correctional personnel misconduct. (Id. at 31.) Plaintiff alleges that Van Leer responded stating that he had already called the Inmate Appeals Branch in Sacramento and personally told defendants Grannis and Floto not to review or correct any misconduct in connection with the 602-Appeal, Log # C-07-01034. (Id. at 32.) According to plaintiff,

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2090 AHM | Date | May 19, 2009 |
|---|---|---|---|
| Title | ROBERT MITCHELL v. R. WONG, *ET. AL* | | |

from April 4, 2007 to the present, the RVR, Log # C-06-0032, has been abandoned and has not been reissued or reheard. (Id.)

On April 19, 2007, plaintiff submitted his 602-Appeal, Log # C-07-01034 to defendants Grannis and Floto at the Chief Inmate Appeals Branch ("IAB"). (Id. at 32.) Floto was the Appeals Examiner on plaintiff's claim and Grannis was the Chief Executive Inmate Appeals Officer. Grannis and Floto allegedly worked for the DOC's IAB in Sacramento, California. (Id. at 6-7, 32.) On July 18, 2007, Grannis and Floto denied plaintiff's 602-Appeal. (Id.) Plaintiff alleges that Grannis and Floto issued a "rubber stamp" denial without investigating any facts relating to the appeal. (Id.) According to the written decision denying the appeal, the IAB determined that plaintiff was afforded all due process rights in the adjudication of the RVR. (Complaint, Ex. A. at 47.) The IAB stated that a preponderance of evidence was established by an impartial Senior Hearing Officer to sustain the guilty finding. (Id.) Moreover, plaintiff presented no new or compelling evidence in the appeal to warrant modification of the decision. (Id.)

According to the defendants, the 30 day loss of work credit imposed by the RVR was restored to plaintiff on November 6, 2007. (Motion, Ex. B, CDRC Form 112, Chronological History.) Defendants request the Court to take judicial notice of this exhibit under Federal Rule of Evidence, Rule 201. Defendants do not explain the basis for the restoration of the 30 day loss of credit. In his opposition, plaintiff alleges that the record shows that he was assessed the 30 day loss of credit. (Opp. at 9.) He also argues that defendants do not provide any evidence to show that the RVR was rescinded.[4] (Id. at 10.) He requests that the Court take judicial notice of the fact that he was assessed 4 unfavorable points which increased his classification score from 55 to 59. (Id; Opp., Ex. D, Mitchell CDC-840 Reclassification Score Sheet.) He requests that the Court take judicial notice of the fact that the disciplinary report and findings were placed in his central file ("C-File") and are currently being used against him at annual committee reviews and parole hearings. (Opp. at 10.)

## III. ANALYSIS

---

[4] Plaintiff also stated that the RVR was "abandoned" in his complaint. (Complaint at 32.) The record is unclear as to what plaintiff means by "abandoned," but it appears to mean something other than rescission.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2090 AHM | Date | May 19, 2009 |
|---|---|---|---|
| Title | ROBERT MITCHELL v. R. WONG, *ET. AL* | | |

### A.     MOTION AND OPPOSITION

Plaintiff alleges four counts in his complaint. Defendants Grannis and Floto request dismissal from the entire complaint. However, defendants' arguments only address count 3, which alleges violation of plaintiff's Fourteenth Amendment substantive and procedural due process rights. Defendants make no arguments regarding the other counts, which include retaliation, access to courts, and state tort claims.

First, defendants argue that they should be dismissed because plaintiff has no due process liberty interest in disciplinary proceedings. Defendants contend that because plaintiff's 30 day work credit loss was restored, the RVR does not alter the length of plaintiff's confinement. Alternatively, defendants argue that even if plaintiff was denied due process in the disciplinary hearing, they did not cause the due process violation, their only action having been to review the record of the hearing after the fact.

In his opposition, plaintiff argues that he had a liberty interest in his RVR hearing, which entitled him to call witnesses and present documentary evidence. He reiterates his allegation that defendants Grannis and Floto encouraged, tolerated and ratified the constitutional violations that occurred by conspiring with the defendants at the HDSP to retaliate against him for filing other 1983 lawsuits. He also alleges that defendants' supposed "rubber stamp" denial of his 602-Appeal harmed him in the way described above - - i.e., the RVR caused the unfavorable points in his classification to increase, and the disciplinary report and findings have been placed in his C-File.

### B.     FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, the allegations of the complaint must be accepted as true and are to be construed in the light most favorable to the nonmoving party. <u>Wyler Summit P'ship v. Turner Broad. Sys., Inc.</u>, 135 F.3d 658, 661 (9th Cir. 1998). A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Thus, if the complaint states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory, the complaint should not be dismissed. <u>Haddock v. Bd. of Dental Examiners</u>, 777 F.2d 462, 464 (9th Cir. 1985). The pleadings of *pro se* litigants are construed liberally. <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir. 2005), citing <u>Hughes v. Rowe</u>, 449 U.S. 5, 9-10 (1980).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2090 AHM | Date | May 19, 2009 |
|---|---|---|---|
| Title | ROBERT MITCHELL v. R. WONG, *ET. AL* | | |

Federal Rule of Civil Procedure 8(a)(2) requires

> only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" . . . While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . ., a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

"A pleading will not be sufficient to state a claim under the Civil Rights Act if the allegations are mere conclusions." Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977). "It is incumbent upon [the] plaintiff to allege with at least some degree of particularity overt acts which defendants engaged in which support plaintiff's claim." Id. (internal quotation marks and citation omitted).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. . . . However, material which is properly submitted as part of the complaint may be considered" on a motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss without converting the motion to dismiss into a motion for summary judgment. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). If the documents are not physically attached to the complaint, they may be considered if their "authenticity . . . is not contested" and "the plaintiff's complaint necessarily relies" on them. Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998). Furthermore, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." Mack v. South Bay Beer Distribs., 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104 (1991). "The district court will not accept as true pleading

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2090 AHM | Date | May 19, 2009 |
|---|---|---|---|
| Title | ROBERT MITCHELL v. R. WONG, *ET. AL* | | |

allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C Wright & Miller, Fed. Prac. & Pro. § 1363 (3d ed. 2004).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

## C. JUDICIAL NOTICE - FEDERAL RULE OF EVIDENCE, RULE 201

Federal Rule of Evidence, Rule 201, governs when a court can take judicial notice of adjudicative facts. Under section (b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." A court is required to take judicial notice "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(c).

Defendants Grannis and Floto request the Court to take judicial notice of Exhibit B, CDRC Form 112, Chronological History. This document indicates that plaintiff's 30 days lost work credit in connection with RVR, Log # C-06-0032, was restored on November 6, 2007. Because neither prong of Rule 201(b) has been satisfied, the Court cannot take judicial this document or fact at this time. The two-page document contains stamped and handwritten entries, but defendants fail to establish its authenticity or foundation. They provide no information as to who prepared the document, when it was prepared, who made the entry, or why the credit was restored. Finally, plaintiff appears to dispute that the credit was restored, which makes the resolution of this particular fact inappropriate to resolve in this motion.

Plaintiff requests that the Court take judicial notice of the fact that he was assessed 4 unfavorable points which increased his classification score from 55 to 59, which is allegedly being used against him at his annual committee reviews and parole hearings. (Opp. at 10; Ex. D, Mitchell CDC-840 Reclassification Score Sheet.) The underlying incident date on the score sheet increasing the unfavorable points is December 9, 2006 and the score sheet is dated January 23, 2007. Neither the score sheet itself nor plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2090 AHM | Date | May 19, 2009 |
|---|---|---|---|
| Title | ROBERT MITCHELL v. R. WONG, *ET. AL* | | |

indicate who prepared the sheet. He also requests that the Court take judicial notice of the fact that the disciplinary report and findings were placed in his C-File, which is allegedly being used against him at his annual committee reviews and parole hearings. (Opposition at 10.) Taking judicial notice of these facts is not warranted.

### D.     42 U.S.C. § 1983

Section 1983 provides that "[e]very person who, under color of any statute of any state . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.

#### *1.     § 1983 Conspiracy Claims*

The Ninth Circuit imposes a heightened pleading standard with respect to conspiracy allegations in civil rights cases. "In order to survive a motion to dismiss, plaintiffs alleging a conspiracy to deprive them of their constitutional rights must include in their complaint nonconclusory allegations containing evidence, [either direct or circumstantial], of unlawful intent." Harris v. Roderick, 126 F.3d 1189, 1195 (9th Cir. 1997). A plaintiff can satisfy this standard by pleading with particularity "which defendants conspired, how they conspired and how the conspiracy led to a deprivation of his constitutional rights." Id. at 1196.

Here, plaintiff has adequately pled conspiracy allegations against Grannis and Floto. Plaintiff contends that defendant Van Leer called Grannis and Floto and instructed them to deny, without investigation, his appeal and not to review any misconduct. (Complaint at 32.) As part of the alleged conspiracy to violate plaintiffs' constitutional rights, he alleges that Grannis and Floto issued a "rubber stamp" denial of his appeal without any investigation. (Id. at 32.) He also alleges in counts 1, 2, and 3 that all of the defendants' act were "willful, wanton, malicious, oppressive, vexatious, deliberate and done with reckless indifference." (See, e.g., id. at 38.) From plaintiff's complaint, the court can infer, accepting plaintiff's allegations as true, that Grannis and Floto knew of the alleged deprivations of plaintiff's constitutional rights and perpetuated the deprivation. Plaintiff has alleged which defendants conspired with Grannis and Floto, how they conspired, and how the conspiracy led to the deprivation of plaintiff's rights.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2090 AHM | Date | May 19, 2009 |
| --- | --- | --- | --- |
| Title | ROBERT MITCHELL v. R. WONG, *ET. AL* | | |

See <u>Harris</u>, 126 F.3d at 1996. Moreover, defendants have failed to make any argument addressing the sufficiency of the conspiracy allegations.

### 2. *First Amendment: Retaliation (Count 1)*

Even where a prisoner's procedural due process rights are not implicated, a prisoner can invoke his First Amendment rights in a § 1983 action. See <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567 (9th Cir. 2005). "Of fundamental import to prisoners are their First Amendment rights to file prison grievances and to pursue civil rights litigation in the courts." <u>Id.</u> (internal quotation marks and citations omitted). "Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices. And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." <u>Id</u>.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Id.</u> at 567-68. As such, a prisoner's "allegations that his First Amendment rights were chilled, though not necessarily silenced, is enough to perfect his claim." <u>Id.</u> at 569. A reviewing court should "afford appropriate deference and flexibility to prison officials in the evaluation of proffered penological reasons for conduct alleged to be retaliatory." <u>Pratt v. Rowland</u>, 65 F.3d 802,807 (9th Cir. 1995).

Plaintiff has adequately pled a First Amendment retaliation claim. His allegations meet the required five elements of a retaliation claim: (1) plaintiff asserts that most of the defendants issued a RVR against him, suspended his mailing privileges, and failed to correct the erroneous issuance of the RVR; (2 & 3) because prisoner filed § 1983 lawsuits and assisted other prisoners in filing lawsuits; (4) these actions chilled plaintiff's exercise of his First Amendment rights by deterring him from seeking law library services and mailing legal documents, and preventing him from timely submitting an opposition to a motion to dismiss in his § 1983 case; and (5) these actions did not reasonably advance legitimate correctional goals. See <u>Rhodes</u>, 408 F.3d at 569. Moreover, because

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2090 AHM | Date | May 19, 2009 |
|---|---|---|---|
| Title | ROBERT MITCHELL v. R. WONG, *ET. AL* | | |

defendants make no argument regarding their legitimate correctional goals, or any argument relating to this claim, plaintiff's complaint is adequate as to this cause of action.

### 3.   First Amendment: Access to Courts (Count 2)[5]

Prisoners "have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts." O'Keefe v. Van Boening, 82 F.3d 322, 325 (9th Cir. 1996). "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). This right does not extend to all types of lawsuits by prisoners. Instead, it attaches to lawsuits by prisoners to attack their sentences, directly or collaterally, or to challenge the conditions of their confinement through 1983 actions. Lewis v. Casey, 518 U.S. 343, 355 (1996). The right to access only requires the state to provide assistance through the pleading stage, including the preparation of a reply to an answer, cross-claim or counterclaim. Cornett v. Donovan, 51 F.3d 894, 900 (9th Cir. 1995).

"The existence of an adequate law library does not provide for meaningful access to courts if the inmates are not allowed a reasonable amount of time to use the library." Lindquist v. Idaho State Board of Corrections, 776 F.2d 851, 858 (9th Cir. 1985). However, prison officials may regulate the time, manner and place in which library facilities are used. Id.

To establish a violation of right of access to courts, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. See Lewis, 518 U.S. at 351-55. To show actual injury, a prisoner "might show, for example, that a complaint he prepared was dismissed for

---

[5] Supreme Court cases have grounded the right of access to courts in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection Clause and Due Process Clause. Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2090 AHM | Date | May 19, 2009 |
|---|---|---|---|
| Title | ROBERT MITCHELL v. R. WONG, *ET. AL* | | |

failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known." Id. at 351.

Plaintiff has adequately pled an access to courts claim. He has pled the required elements: (1) he alleges that his § 1983 case was frustrated and impeded because of defendants' issuance of the RVR, the resulting loss of mail privileges, and the failure to correct the erroneously issued RVR; and (2) his § 1983 case was dismissed because he failed to oppose a motion to dismiss. See Lindquist, 776 F.2d at 858. Moreover, defendants fail to make any argument disputing the adequacy of plaintiff's access to court claim.

### 4.    *Fourteenth Amendment: Due Process (Count 4)*

The Fourteenth Amendment prohibits the state from depriving a prisoner life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Analysis of procedural due process questions involves a two-part inquiry: (1) whether the state has interfered with a prisoner's protected liberty or property interest; and (2) whether procedural safeguards are constitutionally sufficient to protect against unjustified deprivations. Biggs v. Terhune, 334 F.3d 910, 913 (9th Cir. 2003).

Protected liberty interests can be created by virtue of the text of the Due Process Clause. See Vitek v. Jones, 445 U.S. 480, 493 (1980) (liberty interest in remaining free from involuntary commitment to mental hospital); Morrisey v. Brewer, 408 U.S. 471, 482 (1972) (liberty interest in remaining free from revocation of parole). Protected liberty interests can also be created through state statutes and regulations. See Sandin v. Connor, 515 U.S. 472, 483-84 (1995); McQuillion v. Duncan, 306 F.3d 895, 902-03 (9th Cir. 2002) (state parole scheme creates liberty interest in release on parole).

A prisoner can demonstrate that a state statute or regulation creates a liberty interest by showing that the restriction or deprivation creates an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. "Rather than invoking a single standard for determining whether a prison hardship is atypical and significant," the Ninth Circuit conducts a case-by-case determination relying on three guideposts: "(1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; (2) the

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2090 AHM | Date | May 19, 2009 |
|---|---|---|---|
| Title | ROBERT MITCHELL v. R. WONG, *ET. AL* | | |

duration of the condition, and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence." Serrano v. Francisco, 345 F.3d 1071, 1078 (9th Cir. 2003), citing Sandin, 515 U.S. at 486-87 (internal quotation marks omitted). Sandin suggests that a restriction or deprivation that "inevitably affect[s] the duration of [a prisoner's] sentence" - the Ninth Circuit's third guidepost - can establish a liberty interest on its own. Sandin, 515 U.S. at 487.

     A state statute or regulation may create a liberty interest in the revocation of good time credits. In Wolff v. McDonnell, the Supreme Court held that a Nebraska statute created a liberty interest in a "shortened prison sentence," which resulted from good time credits that were revocable only if the prisoner was guilty of serious misconduct. 418 U.S. at 557. The Nebraska statute mandated the reduction of the incarceration time based on the accumulation of good time credits. See id. at 546 n.6, 557. While Wolff remains good law, Sandin dictates the proper test for determining when a state statute or regulation creates a liberty interest. Accordingly, a plaintiff would need to either establish that the deprivation creates an "atypical or significant hardship" or that it inevitably affects the duration of his sentence. Sandin, 515 U.S. at 484, 487. In Sandin, the prisoner challenged imposition of disciplinary segregation for misconduct. The Court rejected the argument that the prisoner's reported misconduct could affect his parole date, thereby affecting the duration of his sentence. Id. at 487. The Court reasoned that the Hawaii statutes did not require the parole board to deny parole in the face of misconduct, and misconduct was only a relevant consideration among many. Id. Moreover, the parole hearing itself had procedural protections which enabled an inmate to explain the circumstances behind the misconduct. Id.

     In addition, in rare instances, a procedural due process violation may exist without the demonstration of a protected liberty interest. In Burnsworth v. Gunderson, the Ninth Circuit held that the plaintiff's due process rights were violated even though the plaintiff had demonstrated no cognizable liberty interest. 179 F.3d 771, 775 (9th Cir. 1999). The Court of Appeals held that there was a due process violation because the prison disciplinary hearing board convicted the inmate at a hearing "at which no shred of evidence of the inmate's guilt [was] presented." Id. at 774.

     Plaintiff's allegations are sufficient to make out a due process violation, at least under Burnsworth. The Court can infer that the increased classification score and loss of

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2090 AHM | Date | May 19, 2009 |
|---|---|---|---|
| Title | ROBERT MITCHELL v. R. WONG, *ET. AL* | | |

work credits may affect plaintiff's parole date. Moreover, defendants do not argue that the loss of work credits fail to establish a liberty interest, but instead argue that the credits have been restored. Whether the credits have been restored is a factual issue not appropriate for resolution in a 12(b)(6) motion. Even if plaintiff has not adequately pled a liberty interest, Burnsworth may apply, since plaintiff has alleged that he was not able to present any documentary evidence or witness testimony during the RVR hearing. Finally, whether plaintiff has a liberty interest applies to all the defendants, not just these moving defendants, and the issue may be appropriately resolved in a summary judgment motion made by some or all the defendants.

### 5. *Causation*

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict constitutional injury." Id. at 743-44. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

A plaintiff cannot hold a defendant liable "because of his membership in a group without a showing of individual participation in the unlawful conduct." Jones v. Williams, 297 F.3d 930, 935 (9th Cir. 2002). A plaintiff must "establish the 'integral participation' of the [defendants] in the alleged constitutional violation." Id. "[I]ntegral participation" does not require that each defendant's actions themselves rise to the level of a constitutional violation." Boyd v. Benton County, 374 F.3d 773, 780 (9th Cir. 2004). Integral participation requires "some fundamental involvement in the conduct that allegedly caused the violation." Blankenhorn v. City of Orange, 485 F.3d 463, 481 n. 12 (9th Cir. 2007).

Defendants argue that because their only actions were to review the record of the

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-2090 AHM | Date | May 19, 2009 |
|---|---|---|---|
| Title | ROBERT MITCHELL v. R. WONG, *ET. AL* | | |

hearing, after the fact, their actions did not cause the claimed due process violations. Defendants claim that they determined that plaintiff was accorded all appropriate due process because the RVR made clear that plaintiff waived the presence of witnesses at the hearing and indicated that plaintiff's documentary evidence was not relevant to the pending charges.

Plaintiff alleges that defendant Van Leer called Grannis and Floto and instructed them to deny, without investigation, plaintiff's appeal. Plaintiff alleges that Grannis and Floto knew about the alleged constitutional violations and perpetuated the deprivation of plaintiff's due process rights by conspiring with defendant Van Leer and denying plaintiff's appeal without investigation.

As to all three § 1983 counts, plaintiff appears to have adequately pled causation. While plaintiff needs to plead that the defendants individually participated in the unlawful conduct, their actions, standing alone, do not need to rise to the level of a constitutional violation. See Jones, 297 F.3d at 935; Boyd, 373 F.3d at 780. While the denial of plaintiff's appeal itself was not the initial cause of the deprivation, it perpetuated the harm and condoned the actions of the other defendants. By denying plaintiff's appeal, the moving defendants allegedly failed to correct the RVR report and affected plaintiff's classification score (due process violations) and allegedly chilled plaintiff's exercise of his First Amendment rights (retaliation and access to court claims). These claims are far more concrete and justiciable than a mere claim that Grannis and Floto did not handle his appeal properly.

/ / /

/ / /

## IV. CONCLUSION

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2090 AHM | Date | May 19, 2009 |
|---|---|---|---|
| Title | ROBERT MITCHELL v. R. WONG, *ET. AL* | | |

For the foregoing reasons, the Court DENIES the 12(b)(6) motion to dismiss filed by defendants Grannis and Floto.

IT IS SO ORDERED.

                                                                                                         :

Initials of Preparer                 SMO